## HIATT'S EXECUTRIX v. HIATT.

DECEDENTS' ESTATES.—*Set-off.*—*Judgment.*—Pending the settlement of a decedent's estate, a court not having the probate jurisdiction thereof cannot set off a personal judgment held by a debtor to the estate against a legatee, in satisfaction of a judgment in favor of the estate against such debtor.

APPEAL from the Grant Common Pleas.

FRAZER, J.—Elam Hiatt was the plaintiff below, and Esther was the defendant. The facts shown by the complaint are, that the defendant is the executrix of Nathan Hiatt, deceased, and the legatee of his whole estate remaining after the payment of debts and expenses; that said executrix, as such, holds a judgment of the Grant Common Pleas against the plaintiff for $1,333.76; that the plaintiff holds a personal judgment of the same court against Esther for $2,063.28, both judgments remaining in force; that the defendant has no property or effects in this State out of which any part of the judgment against her can be made; that the defendant is about to collect by execution the judgment against the plaintiff, with the intention of taking the proceeds to the State of Iowa, where she resides; that the sum of two hundred dollars will satisfy all the debts of Nathan, deceased, and pay the expenses of settling his estate, which sum the plaintiff brings into court, and also the costs accrued against him. The relief sought was a satisfaction of the balance of the judgment against the plaintiff, by set-off of so much of the judgment held by him against Esther. A demurrer to the complaint was overruled, and this presents the only necessary question before us.

In passing upon the sufficiency of the complaint, force may be given to the opinion which we hold, by the facts of this very case as subsequently proven upon the trial. The letters testamentary to the defendant had been issued

by a court in Iowa, before which the settlement of Nathan's estate was pending.

The judgments sought to be set off were not held by the parties, each against the other, in individual right. The settlement of Nathan Hiatt's estate belonged to another court, and the plaintiff could not, by his complaint, bring that subject within the jurisdiction of the Grant Common Pleas, nor could any judgment of the latter court bind the court in Iowa or the creditors of Nathan, deceased. The court having the matter of probate before it must, while it had control of that matter, proceed to the end, notwithstanding any claim of the plaintiff against the legatee. The court here, in determining this cause, could not be informed by proof, or otherwise, that a single dollar of Nathan's estate would ever come to Esther, as legatee. In short, it did not appear by the complaint that she had any interest in the judgment sought to be satisfied. It was a fund required by law for other purposes than her individual uses; and until those other purposes were actually satisfied, and the residue ascertained by the Iowa court, no other court could say that she had, individually, any personal interest in that fund. No court could, except in the exercise of probate jurisdiction, seize upon the funds of Nathan's estate, under such circumstances, and apply them to the satisfaction of an indebtedness owing by the legatee of Nathan. The demurrer should have been sustained, we think.

The judgment is reversed, with costs, and the cause remanded, with directions to sustain the demurrer to the complaint.

*J. Brownlee,* for appellant.

*A. Steele* and *R. T. St. John,* for appellee.