## BOOS *v.* THE STATE OF INDIANA.

[No. 21,835. Filed March 18, 1911.]

1. CRIMINAL LAW.—*Conviction.—Stay of Judgment.—Application. —Election.*—Under section two of the act of 1911 (Acts 1911 p. 410), providing that a person sentenced to imprisonment may file a petition for a stay of such sentence, pending appeal, "either in the court in which such cause was tried or to which such appeal is to be or has been taken," the filing of such petition in the trial court precludes the presentation thereof in the Supreme Court, except by appeal, the doctrine of election of remedies applying.   p. 391.

2. ELECTION. — *Concurrent Jurisdiction.—Courts.—Action.—Judgment.*—Where two or more courts have concurrent jurisdiction over the subject-matter of an action, the action of one of such courts having jurisdiction over the parties, cannot be nullified by another of such courts.   p. 391.

From Huntington Circuit Court; *Samuel E. Cook*, Judge.

Prosecution by the State of Indiana against Conrad Boos. From a judgment of conviction, defendant appeals. On petition for a stay of judgment pending appeal. *Petition dismissed.*

*C. W. Watkins, Charles A. Butler* and *Charles R. Haller,* for appellant.

MYERS, C. J.—Conrad Boos on March 8, 1911, was fined $50 and costs, and sentenced to imprisonment in the county jail of Huntington county for the term of thirty days. The petition before us does not disclose the character of the offense of which he was convicted.

In connection with the rendition of the judgment he prayed an appeal to the Supreme Court, which was granted, and his bond fixed at $200. He filed the bond, and it was approved. It is alleged in the petition " that notwithstanding the filing and approval of said bond, and the filing of a petition to be released on bail, * * * the court refused to stay the proceedings, and, after the judgment was rendered, orally directed the sheriff to commit him to the jail," which he did; that he is now confined in jail; that he gave notice of appeal; that after the court refused to stay proceedings, petitioner filed his bond in compliance with the act of the legislature of March 4, 1911, in the same court with the same bondsmen, notwithstanding which the court refused to stay such proceedings, and the sheriff refused to release him from custody, and now holds him in said jail.

Prayer that this court direct that proceedings in the Huntington Circuit Court be stayed until the appeal shall have been perfected.

No transcript on appeal has been filed in this court. Appellant bases his application on the act of 1911 (Acts 1911 p. 410), which went into effect, under an emergency clause, on March 4, 1911. The title of the act is "An act providing for stay of execution and bail on appeal in certain criminal cases, declaring how such bail shall be granted and matters incident thereto, repealing laws in conflict therewith and declaring an emergency."

By the provisions of the act the petition asking for bail

"may be filed either in the court in which such cause was tried or to which such appeal is to be or has been taken."

If under that clause there can be said to be concurrent jurisdiction in two courts, or whether it is to be construed as applying to the trial court before the appeal is perfected, and to the Supreme Court, or other court, upon perfection of the appeal—as to which we express no opinion—it is certainly true that where a person, as in this case, has exercised an election and applied to the trial court, and has been denied bail, he cannot present the same question to this court, except by appeal.

If this were not so, we should have the anomalous condition that application can be made primarily to this court, and if bail is refused, applicant may then apply to the trial court, where he might be admitted to bail, or *vice versa*.

It is elementary that where there is concurrent jurisdiction in two or more courts, the action of the jurisdiction first invoked cannot be nullified by another concurrent jurisdiction upon presentation of the same facts to the latter. *Galey* v. *Board, etc.* (1910), 174 Ind. 181; *Scott* v. *Runner* (1896), 146 Ind. 12, 58 Am. St. 345; *Plunkett* v. *Black* (1889), 117 Ind. 14; *Taylor* v. *City of Fort Wayne* (1874), 47 Ind. 274; *Adkins* v. *Nicholson* (1872), 39 Ind. 535; *Coleman* v. *Barnes* (1870), 33 Ind. 93; *Hiatt* v. *Hiatt* (1868), 30 Ind. 190; *Kemp* v. *Mitchell* (1867), 29 Ind. 163; *Hughes* v. *Lake Erie, etc., R. Co.* (1863), 21 Ind. 175.

The petition should be dismissed. It is so ordered.