## EACRET *v.* STATE OF INDIANA.

[No. 14,010. Filed January 29, 1930.]

*Ira M. Holmes,* for applicant.

*James M. Ogden,* Attorney-General, and *Merl M. Wall,* Deputy Attorney-General, for the State.

REMY, C. J.—Benjamin Eacret was charged by affidavit with the unlawful sale of intoxicating liquor. Trial, January 2, 1930, resulted in a fine of $500 and sentence of six months to the Indiana State Farm. At the time of sentence, Eacret prayed an appeal to this court, giving notice as required by law, and filed with the trial court his application to be released on bail pending his appeal; the application was denied, and now, before completion of his appeal, he makes application to this court to be admitted to bail. The application is based upon §1 of the act of 1929 (Acts 1929 p. 424, §2387 Burns' Supp. 1929), which provides that "Upon sentence being pronounced in any action where the penalty or any part of it is imprisonment in any of the penal or correctional institutions of the state, . . . . and judgment thereon has been entered, and an appeal has been taken or prayed for, and notice of such appeal has been given as required by law, such defendant so sentenced and adjudged may file his petition to be admitted to bail pending such appeal. Such petition shall be filed in the court to which such appeal is to be or has been taken or in which the judgment of conviction has been entered. . . .. The court to which such application for bail is made shall not admit such defendant to bail pending such appeal unless a proper showing shall be made of a probability of a reversal of the judgment." It is to be observed that, under this statute, the application to be admitted to bail may be filed in the court where the judgment was rendered or in the court to which the appeal was taken. It is the contention of the State that, since Eacret elected to, and did, make his application to the trial court, he cannot present the same question to this court except by appeal. We concur in that view. The two courts having had concurrent jurisdiction of the subject-matter of the action, and Eacret having invoked the jurisdiction of the trial court, he cannot now main-

tain in the Appellate Court for the same purpose a new action based upon the same facts and for the same purpose. *Boos* v. *State* (1911), 175 Ind. 389, 94 N. E. 401, and cases there cited.

Application dismissed.