CARLOS M. MOLINI MEJÍA, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 1006. Submitted November 1, 1937.—Decided November 30, 1937.

*L. López de Victoria* for appellant; the registrar appeared by brief.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

On presentation in the Registry of Property of San Germán of a certified copy of the judgment rendered by the District Court of Ponce, on September 10, 1937, declaring established the ownership of a certain rural property in favor of Carlos M. Molini, the registrar recorded it with:

" . . . the curable defect consisting in the failure to exhibit a copy of the plan of survey of the property, approved by the Department of the Interior of Puerto Rico, in compliance with the provisions of the Joint Resolution of the Legislature of Puerto Rico, approved on the 15th of last May. . ."

Feeling aggrieved by the notation of the defect, Molini appealed to this court.

██ The joint resolution on which the registrar based his decision is the one numbered 55, of 1937 (Laws, p. 629), entitled as follows:

"Joint Resolution

"To authorize the Commissioner of the Interior to make rules for the preparation of plans of public and private lands in the different municipalities of this Island, for the purpose of compiling them and forming the cadastral plan of the Island of Puerto Rico, in accord with the registries of property, and for other purposes."

Among its whereases ("Por Cuantos") there is one which says:

"Whereas, It would greatly facilitate the work of the courts of justice and of the registries of property of this Island to have the guaranty that the plans submitted for their consideration in different actions, titles of possession and ownership, partition of property, etc., inspected and verified by a technical official center;"

That recital is in line with the views maintained by the registrar; but further on, in the enacting part of the law, no express mention is made of dominion title proceedings.

The sections which refer to the courts and to the registries are the following:

"Section 2.—No copy of plans which has not been previously approved by the Commissioner of the Interior of Puerto Rico shall be admitted in the registries of property, courts of justice, or government offices of this Island."

"Section 7.—A plan of every segregation or grouping made in regard to any property or properties shall be presented, and the part segregated or the properties grouped shall be shown thereon."

The decree of ownership involved herein adjudges the ownership of a property in its entirety. It does not constitute a segregation, nor a grouping. And, as there is no plan to be submitted, there is no need to investigate whether or not the same was approved by the Commissioner of the Interior.

Summing up the jurisprudence on the subject, Ruling Case Law states:

"The preamble usually contains the motives and inducements to the making of the act, and resort to the preamble may therefore be useful in ascertaining the causes which led to the passage of the act or the mischiefs intended to be remedied thereby. It may be resorted to, to aid in the construction of the enacting clause, when any ambiguity exists, and is especially helpful when the ambiguity is not simply that arising from the meaning of particular words, but such as may arise in respect to the general scope and meaning of a statute. As sometimes expressed, it is the key to open the mind of the makers of the law. The preamble is, however, not an essential part of the act, and cannot enlarge or confer powers, nor control the words of the act unless they are doubtful or ambiguous. Hence it has been held that the necessity of resorting to it in order to ascertain the true intent and meaning of the legislature is fatal to any claim which by ordinary rules of interpretation can be sustained only by clear and unambiguous language. It has been stated by some courts as the general rule that if there is a broader proposition expressed in the act than is suggested in the preamble, the body or enacting part of the law will prevail over the preamble. But if the body of the act can be given a construction that is consistent with the purpose as declared in the preamble, it will be so construed." 25 R.C.L. 1030, sec. 266.

The case cited in support of the last part of the text is
*Huntworth* v. *Tanner,* 152 Pac. 523. In the opinion it is said:

"A preamble is not without its uses. It is not to be entirely
rejected where the statute is ambiguous, although it will not be
resorted to create a doubt or misunderstanding which otherwise
does not exist. Where there is a doubt, it will be given its place
as a component part of the act.

" 'A preamble is said to be the key of a statute, to open the
minds of the makers as to the mischiefs which are to be remedied
and the objects which are to be accomplished by the provisions of
the statute.' Bouvier, Law Dictionary, tit. Preamble.

" 'When a statute is in itself ambiguous and difficult of inter-
pretation, the preamble may be resorted to.' *Den ex dem. James.*
v. *Du Bois,* 16. N.J.L. 285.

"Where the intent of the law is the object of inquiry, it is said
that:

"A preamble 'discloses the intention of the Legislature in enact-
ing the statute.' *Hanly* v. *Sims,* 175 Ind. 345, 93 N. E. 228, 94
N. E. 401.

" ' ' "It is 'a good means,' says Lord Coke, to find out the mean-
ing of the statute, and is a true key to open the understanding,
thereof." ' Lewis' Sutherland, Stat. Const. (2d ed.) sec. 341.

"Without multiplying authorities or discussing those cited, we:
think it may be laid down as a general rule that, if there is a broader
proposition expressed in the act than is suggested in the preamble,.
the body or enacting part of the law will prevail over the preamble;
but, if the body of the act can be given a construction that is con-
sistent with the purpose as declared in the preamble, it will be so
construed."

Here the body (*texto*) of the laws fails to broaden, even
to cover fully, the field which the lawmaker perhaps had in
mind. Can the law, in such a case, be given a construction
that is consistent with the purpose as declared in the pre-
amble?

Were the legislative intent to appear clearly and defi-
nitely from the preamble, we would have before us a stronger
case. In referring to the preamble, we felt bound to state
that perhaps the intention of the lawmaker was to require the
submission of plans in all cases because in no other way could

354

the complete cadastre of the Island be formed in the manner outlined by the statute; but really the recital ("*Por Cuanto*") instead of suggesting a new legal duty, rather seems to refer to the cases where, in accordance with the existing laws, plans must be submitted, or where the interested parties voluntarily present said plans; then "it would greatly facilitate the work of the courts of justice and of the registries of property to have the guaranty that said plans have been inspected and verified by a technical official center." The new duty that the statute imposes in regard to the presentation of plans in the registry is set forth in section 7, which we have already transcribed, and which, as we have stated, does not comprise the instant case.

That being so, it must be concluded that the preamble does not even afford a solid basis for the application of the rule of construction most favorable to the contention of the registrar, which therefore can not prevail.

The decision appealed from must be reversed as to the curable defect noted therein, and said defect stricken from the record made.

Mr. Justice Córdova Dávila took no part in the decision of this case.