CARLOS M. MOLINI MEJÍA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

Núm. 1006.—*Sometido:* Noviembre 1, 1937. *Resuelto:* Noviembre 30, 1937.

*L. López de Victoria*, abogado del recurrente;

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Presentada en el Registro de la Propiedad de San Germán copia certificada de la sentencia dictada por la Corte de Distrito de Ponce el 10 de septiembre de 1937 declarando justificado el dominio de cierta finca rústica a favor de Carlos M. Molini Mejía, el registrador la inscribió con

" . . . el defecto subsanable de no haberse acompañado copia del plano de mensura de la finca, aprobado por el Departamento del Interior de Puerto Rico, en cumplimiento de lo que dispone la Resolución Conjunta de la Asamblea Legislativa de Puerto Rico, aprobada en quince de mayo último. . . ."

No conforme Molini con la consignación del defecto, recurrió para ante este tribunal.

La resolución conjunta en que se funda el registrador es la núm. 55 de 1937 (Leyes de ese año, pág. 639), cuyo título es como sigue:

"RESOLUCIÓN CONJUNTA

"Para autorizar al Comisionado del Interior a que Reglamente la preparación de planos de los terrenos públicos y particulares en las distintas municipalidades de esta isla, con el fin de recopilarlos e ir formando el plano catastral de la Isla de Puerto Rico de acuerdo con los registros de la propiedad, y para otros fines."

Entre sus "POR CUANTOS" hay uno que dice:

"POR CUANTO, facilitaría grandemente el trabajo en las cortes de justicia y registros de la propiedad de esta Isla el tener la garantía de que los planos sometidos a su consideración en los dis-

tintos pleitos, expedientes posesorios y de dominio, particiones de bienes, etc., el que dichos planos hayan sido inspeccionados y comprobados por un centro oficial técnico;''.

Ese ''POR CUANTO'' está en línea con el criterio sustentado por el registrador, pero luego entre lo resuelto por la ley nada hay que hable expresamente de los expedientes de dominio. Las secciones que se refieren a cortes y registros son las que siguen:

''Sección 2.—No se admitirá en los registros de la propiedad, cortes de justicia u oficinas gubernamentales de esta Isla, ninguna copia de planos que no haya sido previamente aprobada por el Comisionado del Interior de Puerto Rico.''

''Sección 7.—De toda segregación o agrupación que se haga de cualquier finca o fincas, deberá presentarse plano, haciendo constar en él la parte segregada o las fincas que se agrupan.''

La sentencia declaratoria de dominio de que se trata lo es del de una finca en su totalidad. No constituye una segregación ni una agrupación. Y no habiendo plano que presentar no hay que investigar si fué aprobado o no por el Comisionado del Interior.

Resumiendo la jurisprudencia sobre la materia dice Ruling Case Law:

''El preámbulo generalmente contiene los motivos y razones que hubo para la aprobación de la ley y el acudirse al mismo puede, en su consecuencia, ser útil para determinar las causas que condujeron a la aprobación de la ley o los daños que con ella se tuvo la intención de remediar. Puede acudirse al mismo para ayudar a la interpretación de la cláusula dispositiva cuando existe alguna ambigüedad, y es especialmente útil cuando la ambigüedad no es simplemente aquélla que surge del significado de determinadas palabras sino la que puede provenir del alcance y significado generales de un estatuto. Conforme a veces se ha dicho, es la llave que sirve para penetrar en la mente de los redactores de la ley. Sin embargo, el preámbulo no forma parte esencial de la ley y no puede ampliar o conferir poderes, ni controlar las palabras de la ley a menos que éstas sean dudosas o ambiguas. Por tanto, se ha resuelto que la necesidad de acudir al mismo con el objeto de determinar la verdadera intención y el verdadero espíritu del poder legislativo es

fatal a cualquier reclamación que de acuerdo con las reglas corrientes de hermenéutica pueda ser sostenida tan sólo mediante lenguaje claro e inequívoco. Algunas cortes han establecido como regla general que si en el cuerpo de la ley se expresa una proposición más amplia que la sugerida por el preámbulo, el cuerpo o parte dispositiva de la ley prevalecerá sobre el preámbulo, pero si al cuerpo de la ley puede dársele una interpretación que esté en armonía con los fines de la misma conforme éstos son declarados en el preámbulo, ella será así interpretada.'' 25 R.C.L. 1030, párr. 266.

El caso que se cita para sostener la última parte del texto es el de *Huntworth* v. *Tanner, Attorney General, et al.*, 152 Pac. 523. En el curso de la opinión se dice:

"El preámbulo no deja de tener sus usos. No debe ser enteramente rechazado cuando el estatuto es ambigüo, aunque no debe acudirse a él para crear una duda o mal entendido que por otra parte no existe. Cuando existe una duda, se dará al preámbulo el valor que le corresponde como parte integrante de la ley.

" 'Se dice que el preámbulo es la llave del estatuto, que sirve para penetrar en la mente de los legisladores en torno a los males que han de ser remediados y los fines que han de ser cumplidos con el mismo.' Diccionario Legal de Bouvier, tit. Preámbulo.

" 'Cuando un estatuto es de por sí ambiguo y difícil de interpretar, puede acudirse al preámbulo.' *Den ex dem. James* v. *Du Bois*, 16 N.J.L. 285.

"Cuando el espíritu de la ley es objeto de investigación, se dice que:

"El preámbulo 'revela la intención legislativa al aprobar la ley.' *Hanly* v. *Sims*, 175 Ind. 345, 93 N. E. 288, 94 N. E. 401.

" ' "Es 'un buen modo,' dice Lord Coke, de averiguar el significado del estatuto, y es la llave que sirve para interpretarlo." ' Lewis' Sutherland, Stat. Const. (2ª. ed.) sec. 341.

"Sin multiplicar las autoridades o discutir las ya citadas, creemos que podría sentarse como regla general que si la ley expresa una proposición más amplia que la sugerida por el preámbulo, el cuerpo o parte dispositiva de la ley prevalecerá sobre el preámbulo; mas si al cuerpo de la ley puede dársele una interpretación que sea consistente con los fines de la misma tal cual éstos son declarados en el preámbulo, así será interpretado.''

Aquí el texto de la ley no aumenta, si que no cubre todo el campo que quizá tuvo en mente el legislador. ¿Puede en

tal caso darse a la ley una interpretación que sea consistente con el propósito de la misma declarado en el preámbulo?

Si la intención del legislador surgiera clara, terminante, del preámbulo, tendríamos ante nos un caso más fuerte, pero nos vimos obligados a decir cuando al preámbulo nos referimos que quizá fuera la intención del legislador la de exigir la presentación de planos en todos los casos porque no de otro modo podría llegarse a formar el catastro completo de la Isla por la vía que traza la ley, pero la verdad es que el "Por Cuanto" en vez de sugerir una nueva obligación legal, parece más bien referirse a los casos en que de acuerdo con las leyes existentes deban presentarse planos o cuando los interesados voluntariamente presenten dichos planos entonces "facilitaría grandemente el trabajo en las cortes de justicia y registros de la propiedad el tener la garantía de que dichos planos hayan sido previamente inspeccionados y comprobados por un centro oficial técnico." La nueva obligación impuesta por la ley en cuanto a presentación de planos en el registro, está contenida en la sección 7 que dejamos transcrita y no comprende como ya dijimos este caso.

Siendo ello así precisa concluir que ni siquiera proporciona el preámbulo una base sólida para aplicar la regla de interpretación más favorable al criterio sustentado por el registrador que no puede en tal virtud prevalecer.

*Debe revocarse la nota recurrida en cuanto al defecto subsanable en la misma apuntado, debiendo eliminarse de la inscripción verificada el indicado defecto.*

El Juez Asociado Señor Córdova Dávila no intervino.