STATE EX REL. VON HAUGER *v.* CRIMINAL COURT
OF MARION CO., DAVIS, JUDGE.

[No. 569S98. Filed May 2, 1969. No petition for rehearing filed.]

*Palmer K. Ward,* Indianapolis, for relator.

*Stanley B. Miller,* Indianapolis, for respondent.

GIVAN, J.—This matter is presented by a verified petition for an alternative writ of mandate wherein the relator, Lee Von Hauger, shows the Court by his petition that on the 25th day of July, 1968, he was found guilty of the crime of theft and sentenced to the Indiana Reformatory for not

less than one nor more than ten years. On said date the respondent pursuant to petition by the relator set an appeal bond in the amount of $4,000.00, which bond was made by the relator and approved by the respondent on that date.

On the 23rd day of December, 1968, the relator filed his Transcript and assignment of errors with the Clerk of this Court, who filed the same as Cause No. 1068 S 173, which cause is now briefed and pending in this Court.

On the 21st day of February, 1969, the Prosecuting Attorney of Marion County filed a motion in the respondent court to increase the appeal bond wherein it was alleged that since his conviction in the instant case the relator had been convicted of a violation of the 1935 Narcotics Act in Criminal Court of Marion County, Division 2, and had been sentenced for five to ten years in the Indiana Reformatory and appeal bond fixed in that cause at $3,000.00. The State further showed that on the 5th day of February, 1968, the defendant had been convicted of conspiracy to commit prostitution and sentenced to two to fourteen years in the Indiana Reformatory and that an appeal bond had been fixed in that cause at $5,000.00. The State further showed that at that time there was pending in Marion County Criminal Court, Division 2, an additional charge of the 1935 Narcotics Act against the relator and that at that time he was free on bond in the amount of $12,500.00 on that charge.

The State further showed that on February 20, 1969, the defendant was arrested by the Indianapolis Police Department and charged with being a common drug addict in violation of the 1935 Narcotics Act and that the bonds set in those cases are $5,000.00 and $25,000.00 respectively.

After reciting the above information the prosecuting attorney asked that relator's bond in the instant case be raised from $4,000.00 to $35,000.00. On the 21st day of February,

1969, the Trial Court granted the prosecutor's petition and raised relator's bond to $17,500.00.

Relator is asking this Court to order the Trial Court to expunge its records raising the bond, and that the respondent be prohibited from taking any further action in the cause until further order of this Court. Relator cites as authority for his position Rule 2-3 of the Rules of this Court, the pertinent part of which reads as follows:

". . . Prior to the filing of the transcript for appeal such bond shall be fixed and approved and the order of stay issued by the trial court or the judge thereof in vacation; thereafter by the appellate tribunal. . . ."

Relator also cites several well known authorities to the effect that once an appeal has been perfected in this Court the Trial Court loses all jurisdiction in the matter, and that this Court has jurisdiction of the cause pending on appeal. See *Hazelgrove v. State* (1957), 237 Ind. 419, 145 N. E. 2d 897; *Lake County Department of Public Welfare v. Lake County Juvenile Court et al.* (1961), 241 Ind. 603, 174 N. E. 2d 336.

Prior to the adoption of Rule 2-3 of the Rules of this Court this Court on at least two occasions had been required to pass upon the matter of fixing of appeal bonds in criminal cases. The first case was *Boos v. State* (1911), 175 Ind. 389, 391, 94 N. E. 401. In that case the Court in discussing the question stated:

". . . If under that clause there can be said to be concurrent jurisdiction in two courts, or whether it is to be construed as applying to the trial court before the appeal is perfected, and to the Supreme Court, or other court, upon perfection of the appeal—as to which we express no opinion—it is certainly true that where a person, as in this case, has exercised an election and applied to the trial court, and has been denied bail, he cannot present the same question to this court, except by appeal. . . ."

In the later case of *Branham v. State* (1931), 203 Ind. 486, 487, 180 N. E. 757, the Court stated:

". . . The application for bail should be denied for the reason that the two courts have concurrent jurisdiction over the subject-matter of the action, and the doctrine of election applies. Applicant, having elected to file his application in the lower court, cannot thereafter make a similar application, based upon the same facts, in the Supreme Court . . ." (citing authorities).

We do not agree with the language in the above quotation that the Supreme Court and the Trial Court have "concurrent jurisdiction." Both prior to and under the present Rule 2-3 the matter of fixing appeal bond is a matter of succeeding jurisdiction wherein the jurisdiction is lodged first with the Trial Court where it remains from the date of conviction to the perfecting of the appeal in this Court. If the appealing party elects to make his application for appeal bond to the Trial Court during that period, logical order requires that that Court will retain jurisdiction to enforce the provisions of the bond for it is that Court to which the application has been made and it is that Court who has the necessary knowledge to pass upon such questions as adequacy of surety, availability of the party and whether or not he is conducting himself in a manner which would justify his remaining at large on the amount of the bond fixed.

On the other hand, if the appealing party elects to wait until he has filed his assignment of errors and Transcript and then under authority of Rule 2-3 make application to this Court for appeal bond, he may do so. Under those circumstances this Court would then have the responsibility to make inquiry concerning the pertinent facts as above set out and would have the corresponding duty to take appropriate action upon the proper showing of a change in circumstances. The matter of fixing of the appeal bond is not a part of the case in chief which is on appeal, but is an ancillary matter for the benefit of the appealing party.

We, therefore, follow the general principle laid down in the above cases of *Boos* and *Branham* and hold that once the appealing party has exercised his election to make ▌▌ application for bond in the Trial Court that Court will retain the power to do all things necessary for the proper enforcement of said bond, including the raising or lowering of the same. Any abuse of discretion on the part of the Trial Court in that regard is subject only to review by this Court by interlocutory appeal. This Court will exercise no direct jurisdiction concerning appeal bond unless the appealing party waits until after the filing of his transcript and assignment of errors to make application to this Court for an appeal bond.

Petition for writ of mandate and prohibition is denied.

DeBruler, C. J., Arterburn and Hunter, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 247 N. E. 2d 87.