# WILLIS *v.* WILLIS.

[No. 20,574.　Filed October 13, 1905.]

1. HABEAS CORPUS. — *Judgment.* — *Appeal.—Effect.—Statutes.—* Section 650 Burns 1901, §638 R. S. 1881, providing that a term-time appeal shall operate as a stay of all further proceedings on the judgment appealed from, does not give the defendant custodians of an infant child the right of retaining such custody during such appeal where the judgment awards the custody to another. *Garner* v. *Gordon,* 41 Ind. 92, overruled.　p. 334.

2. SAME. — *Judgment.* — *Appeal Bond.* — *Purposes.—*An appeal bond, given to perfect a term-time appeal in a *habeas corpus* case, does not invest such appellant with the right to the custody of the subject-matter of the action, as against such judgment, but merely stays the issuance of an execution on the judgment, such judgment as to the custody of the subject-matter being self-executing.　p. 337.

3. COURTS.—*Jurisdiction.—Habeas Corpus.*—The circuit court rendering judgment in a *habeas corpus* case has jurisdiction over the parties thereto and can enforce its orders any place within the State.　p. 338.

4. JUDGMENT.—*Res Judicata.—Habeas Corpus.*—The defense of *res judicata* is available in *habeas corpus* cases.　p. 339.

From Montgomery Circuit Court; *Jere West,* Judge.

*Habeas Corpus* by Nathaniel Parker Willis against Hattie Belle Willis.　From a judgment for defendant, plaintiff appeals.　*Affirmed.*

*Henry N. Spaan,* for appellant.
*James A. Collins* and *Charles A. Averill,* for appellee.

JORDAN, J.—This was a proceeding by appellant against appellee for a writ of *habeas corpus* to obtain the custody of a child.

The petition presented for the writ shows, among other things, substantially the following facts:　The petitioner and the respondent are husband and wife, living separate and apart, and are the parents of the child in controversy, Mary Frances Laura Willis, of the age of two years.　This

child is in the custody of its mother at the town of Ladoga, Montgomery county, Indiana. On September 1, 1904, and prior to the commencement of this action, said parties were living separately, said child at that time being in the custody of the petitioner. On said date the respondent instituted an action of *habeas corpus* against the petitioner and his mother, Ella Willis, in the Marion Circuit Court, for the purpose of securing the possession and custody of the child now in controversy. On the hearing of said proceeding, the Marion Circuit Court found in favor of the respondent, and by its judgment and decree awarded to her the possession, care and custody of said infant child. Thereupon the petitioner herein moved for a new trial. This motion was denied, and an appeal in term time was prayed to the Supreme Court of said State, which was granted, upon the condition that the petitioner file an appeal bond in the penal sum of $5,000 within ten days from September 26, 1904. This bond was filed within the time given, and approved by the court, and thereupon said petitioner moved and requested the court to remand said child to his care and custody during the pendency of said appeal. This motion was afterwards withdrawn, and the following was in open court entered of record: "Come now the parties, and the respondents, by leave of court, withdraw their motion to remand Mary Frances Laura Willis to the care and custody of respondents pending the decision of this cause by the Supreme Court on appeal, and it is agreed by all the parties to this action that pending the appeal in this cause, and until the Supreme Court shall have finally passed upon the appeal herein, said Mary Frances Laura Willis shall be and remain in the care and custody of her mother, said Hattie Belle Willis, and the court does now order that said child, Mary Frances Laura Willis, shall be and remain in the care and custody of her mother, as aforesaid, until said appeal shall finally be determined, and that said child shall during

the pendency of said appeal, and until said appeal shall have been finally determined, be kept by the mother within the jurisdiction of this court."

The appeal was perfected. Within fifteen days after the making of the above order said Hattie B. Willis took said child to Ladoga, Montgomery county, Indiana, where it is now under her custody and charge. Prayer for a writ of *habeas corpus,* and that on the hearing of the petition the possession, care and custody of the child be given to the petitioner. The petition was duly verified, and thereon a writ of *habeas corpus* was issued. Respondent appeared in court, and, through her counsel, moved to quash the writ for insufficiency of the facts alleged in the petition. This motion, over petitioner's exception and objection, was sustained, and judgment was rendered against him for costs. From this judgment he appeals, and assigns that the court erred in sustaining the motion to quash the writ of *habeas corpus.*

The propositions presented by counsel to show that under the facts alleged in the petition appellant was entitled to the possession and custody of the child, and that therefore the court erred in quashing the writ, are: (1) Appellant having filed an appeal bond, and taken and perfected an appeal to the Supreme Court from the judgment of the Marion Circuit Court in the former action between him and appellee, therefore all proceedings on the judgment or decree from which the appeal was prosecuted were stayed, and he was entitled to retain the possession and custody of his infant child during the pendency of the appeal to the Supreme Court, notwithstanding the fact that the care and custody thereof under the judgment had been awarded to appellee; (2) under the above agreement, which she entered into in court, she bound herself to keep the child within the jurisdiction of the Marion Circuit Court, and that in taking the child to Ladoga, Montgomery county, to reside with her, she violated and broke said agreement, for

the reason that said county of Montgomery is not within the jurisdiction of the Marion Circuit Court, within the meaning of the provisions of the agreement in question. Appellee having therefore violated the agreement by taking the child beyond the jurisdiction of the Marion Circuit Court, appellant was thereby restored to his former right to have and retain the custody of the child during the pendency of the appeal, by virtue of the fact that he had filed an appeal bond to stay the proceedings on the judgment of the Marion Circuit Court, from which he had appealed.

Neither of the above propositions, as advanced by appellant's learned counsel, is tenable. Under the laws of this State there certainly are no sufficient grounds or reasons to sustain the first proposition. The fact that appellant, as shown, filed an appeal bond, and appealed to the Supreme Court, from the judgment in the former *habeas corpus* proceedings, did not operate to give him the right over the judgment. to retain the custody of the infant child during the pendency of the appeal in controversy.

It is true that §650 Burns 1901, §638 R. S. 1881, in respect to a term-time appeal, provides: "When an appeal is taken during the term at which judgment is rendered, it shall operate as a stay of all further proceedings on the judgment, upon an appeal bond being filed by the appellant, with such penalty and surety as the court shall approve, and within such time as it shall direct, payable to the appellee, with condition that he [appellant] will duly prosecute his appeal and abide by it and pay the judgment and costs which may be rendered or affirmed against him." This section contains further provisions in regard to the condition of such appeal bond, where the appeal is taken from a judgment for the recovery of real property or the possession thereof, or from a judgment for the return of personal property, etc. The effect of this section has been considered by this court in several cases.

In *Padgett* v. *State* (1884), 93 Ind. 396, it was held that

an appeal to this court by remonstrators, in compliance with the provisions of this section, from a judgment of a circuit court awarding an applicant a license to retail intoxicating liquors, did not operate to suspend the right of the applicant to take out the license granted to him under the judgment. The court in that appeal held that the issuing of the license could not be regarded as a proceeding on the judgment within the meaning of the above statute. One of the reasons assigned for the court's conclusion was that the judgment in question was self-executing, as the entry thereof entitled the applicant to the license granted without any other proceeding on the judgment.

*Walls* v. *Palmer* (1878), 64 Ind. 493, was an appeal from a judgment suspending an attorney from the practice of law. It was held in that case that the appellant, by appealing from such judgment and procuring a supersedeas or stay of proceeding, was not thereby restored to his rights as an attorney and counselor at law during the pendency of the appeal to this court. It was therein held that such judgment was self-executing, and the only effect of the supersedeas was to stay an execution upon the judgment to enforce the collection of costs.

*Randles* v. *Randles* (1879), 67 Ind. 434, was an appeal from a judgment in an action for partition of land. The appeal was taken in term time, and granted upon filing an appeal bond. This court in that case held that the only effect of the appeal upon the judgment in question was to stay execution thereon for costs until the termination of the appeal; that in all other respects the judgment until reversed or annulled was binding on the parties thereto as to every question therein decided.

In *Central Union Tel. Co.* v. *State, ex rel.* (1887), 110 Ind. 203, this court, in considering the effect of an appeal, said, by Elliott, J.: "The effect of a supersedeas is to restrain the appellee from taking affirmative action to enforce his decree, but it does not authorize the appellant to

do what the decree prohibits him from doing. The doctrine which our decisions have long maintained is thus stated in *Nill* v. *Comparet* [1861], 16 Ind. 107: 'Indeed, the only effect of an appeal to a court of error, when perfected, is to stay execution upon the judgment from which it is taken. In all other respects, the judgment, until annulled or reversed, stands binding upon the parties, as to every question directly decided.' "

An appeal from a decree awarding an injunction does not vacate the injunction, nor authorize its disobedience. The decree is effective and must be obeyed until reversed. *Hawkins* v. *State* (1890), 126 Ind. 294.

In *Graves* v. *Maguire* (1837), 6 Paige Ch. 379, the chancellor, in considering the condition of the judgment after an appeal, said: "The effect of an appeal, after the proper steps have been taken to render it a stay of proceedings upon the order or decree appealed from, is to leave the proceedings in the same situation as they were at the time of perfecting such appeal, but not as they were before the order or decree appealed from was entered."

It is evident in the light of the above authorities that the judgment of the Marion Circuit Court, under which appellee was awarded and given the care and custody of 2. the child in controversy, was self-executing, and, aside from the issuing of an execution to enforce the collection of appellee's costs, no other proceedings could be had or taken thereon. Under the circumstances, the only effect of the appeal bond given by appellant in that case was to stay an execution for the collection of costs on the part of appellee. Aside from an execution to enforce the collection of costs, no other process, proceeding or act of a ministerial officer was necessary to give effect to the judgment which transferred the possession and custody of the child in controversy to appellee.

It is said by this court in *Carver* v. *Carver* (1888), 115 Ind. 539: "It was not possible to institute any proceeding

upon the judgment, aside from an execution, and therefore the supersedeas and bond did not stay any proceeding except an execution."

To accord to the stay of proceedings in the case in controversy the force and effect for which appellant contends would be to confer upon him a right, *i. e.,* to retain the care and custody of the child during the pendency of the appeal, and would result in making a stay of proceedings a remedy granting an affirmative right, rather than a preventive order or writ. Elliott, App. Proc., §§391, 392.

Counsel for appellant relies upon the decision of this court in *Garner* v. *Gordon* (1872), 41 Ind. 92, 108. That was a proceeding by a writ of *habeas corpus* to obtain the custody of minor children. The custody of the children in that case was by the trial court awarded to the petitioner. From this judgment the respondent appealed in term time to this court, and filed an appeal bond which was approved by the court. It is held in that case that the effect of the appeal operated to stay the proceedings on the judgment, and that thereby the appellant was entitled to the custody of the children pending the appeal. The only authority relied upon by the court to sustain the holding was §555 of the civil code of 1852. 2 G. & H., p. 271. This section, as does §650 Burns 1901, §638 R. S. 1881, provides for a term-time appeal by filing an appeal bond by the appellant. An examination of the case discloses that the question did not receive careful consideration by the court, and the holding upon the point in controversy is wholly at variance with the later decisions to which we have herein referred. That case upon the point in question is therefore overruled.

It is not reasonable to assert that appellee by locating in Montgomery county, Indiana, took the child beyond the jurisdiction of the Marion Circuit Court. There 3. is nothing in the agreement or the order of the court thereon by which it can be said that appellee was

required to keep the child at Marion county, Indiana, and was not permitted to locate at any other point in the State. The jurisdiction of the Marion Circuit Court certainly would extend to any place within the State at which she might locate, for the purpose, at least, of attaching her for contempt, for disobeying the court's order in the *habeas corpus* case, or for the purpose of citing her to appear before the court and show cause why the judgment thereof awarding her the care and custody of the child should not be modified or changed. If appellant believed that he was entitled to the care and custody of the infant in controversy because appellee had violated the order of the Marion Circuit Court, instead of applying for relief to the Montgomery Circuit Court, he should have applied to the Marion Circuit Court. The doctrine of *res judicata* applies to a *habeas corpus* proceeding to obtain the custody of a child. *Brooke* v. *Logan* (1887), 112 Ind. 183, 2 Am. St. 177.

The record discloses no error, and the judgment is therefore affirmed.