BANGS *v.* JOHNSON, SHERIFF.

[No. 26,758. Filed March 15, 1937.]

*Arthur D. Sayler, William H. Eichhorn* and *Daily, Daily & Daily,* for appellant.

*Bowers, Feightner & Bowers, Mart J. O'Malley* and *Evans & Hebel,* for appellee.

TREMAIN, C. J.—The appellant filed this action for a writ of habeas corpus in the Huntington Circuit Court against the appellee as sheriff of Huntington County. He alleged that he had been committed to the custody of

the sheriff by order of that court for the violation of an injunction issued against him and others; that he had appealed from said judgment (affirmed February 2, 1937, in the case of *City of Huntington* v. *Northern Indiana Power Co.* (1937), post 502, 5 N. E. (2d) 889; that he is unlawfully and wrongfully held by the sheriff for the reason that said judgment is invalid.

An order was entered against the sheriff to show cause why the appellant should not be released. The sheriff filed his return to the order in which he set out in full the judgment enjoining the appellant from performing certain acts therein described. Also, he filed as part of his return, the judgment of the Huntington Circuit Court, in which the appellant was found guilty of the violation of said injunction and committed to the custody of the sheriff as being in contempt of the court's order. The order of the court committing appellant to the sheriff's custory, together with the sheriff's return, is filed as part of the return.

Section 3-1918 Burns' Ind. St. 1933, §1033 Baldwin's Ind. Stat. 1934, is as follows:

> "No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, in either of the cases following: . . .
> "Second. Upon any process issued on any final judgment of a court of competent jurisdiction."

The return of the sheriff shows that the appellant was committed by the judgment of a court of competent jurisdiction and that the judgment is legal and valid upon its face. The order of commitment is in due form, legal and valid.

In such cases this court has held that a valid commitment under a judgment, legal upon its face, is an unanswerable return to a writ of habeas corpus. This is always true unless there is something lacking in the

judgment which makes it void, but the defect must appear upon the face of the judgment. As stated in *Smith* v. *Hess, Sheriff* (1884), 91 Ind. 424, 427:

"A judgment by a court of competent jurisdiction, valid upon its face, and a valid commitment under it, is an unanswerable return to a writ of habeas corpus."

The appellee, by his return, shows his authority for the restraint of the appellant in his custody by pleading the judgment of the court and writ issued thereon. The validity of the judgment cannot be attacked in this proceeding. The court had jurisdiction of the subject-matter and the person, and errors, if any, in the proceeding are not cause for discharging the appellant. *Stephenson* v. *Daly* (1928), 200 Ind. 196, 158 N. E. 289; *Willis* v. *Bayles* (1886), 105 Ind. 363, 5 N. E. 8; *McLaughlin* v. *Etchison* (1891), 127 Ind. 474, 27 N. E. 152; *Welty* v. *Ward* (1905), 164 Ind. 457, 73 N. E. 889; *Perry* v. *Pernet* (1905), 165 Ind. 67, 74 N. E. 609; *Hunnicutt* v. *Frauhiger* (1927), 199 Ind. 501, 158 N. E. 572; *Gillie, Sheriff* v. *Fleming* (1922), 191 Ind. 444, 133 N. E. 737.

Under the statute and the decisions of this court, the return of appellee is sufficient and a complete answer to the appellant's action. No reason is given to show that the judgment of the lower court denying appellant's writ should be reversed.

Judgment is affirmed.