AMERICAN INDEMNITY Co., Plaintiff and Appellant, *v.* RAMÓN ANÍBAL MUÑOZ, Defendant and Appellee.

No. 7151.  Argued April 27, 1937.—Decided July 16, 1937.

*Besosa & Besosa* for appellant.  *Emilio S. Belaval* for appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

The American Indemnity Co. appeals from a judgment of dismissal rendered by the District Court of San Juan after sustaining demurrers for want of capacity to sue and for want of facts sufficient to constitute a cause of action.

■■ The insurance company alleged in substance: that it was a Texas bonding company with its branch office in Galveston, Texas, and that it had no office and had done no insurance business in Puerto Rico; that plaintiff had issued to the Lykes Brothers Steamship Company, Inc., another non-resident corporation with its office in Galveston, Texas, a schedule bond to cover and indemnify in Galveston, Texas, all losses suffered by the steamship company to the amount of $25,000 through its employees in different territories; that in December 1928, Muñoz, an employee of the steamship company in San Juan, Puerto Rico, was included in the said bond by virtue of an indemnity contract which he signed, making himself responsible to plaintiff and obliging himself to indemnify plaintiff for any loss paid by plaintiff to the steamship company due to acts done by him in the performance of his duties as agent and employee of such company; that thereafter, while the bond was in force, Muñoz had a shortage in his accounts as agent and employee of the steamship company and, after making certain payments on account of such shortage, left a balance of $4,161.81, which amount the steamship company demanded of plaintiff in accordance with the terms of the bond; that plaintiff paid the steamship company the sum of $4,161.81, according to the terms of the bond and incurred expenses to the amount of $500 in the determination and adjustment of the amount due; that by virtue of the contract entered into between plaintiff and Muñoz, the latter undertook to reimburse and be responsible to plaintiff for any amount up to $25,000, which plaintiff might have to pay on account of Muñoz under the terms of the bond as well as for any expenses which plaintiff might incur in the determination and adjustment of any loss.

Section 133 of the Insurance Law (Laws of 1921, 522, 618) provides that "Every foreign insurance company which after the approval of this act desires to do an insurance business in Puerto Rico shall register in the office of the Superintendent of Insurance" and that it shall forward to the Insurance Bureau certain documents. Section 135 reads in part as follows:

"Upon registration by the Superintendent said company shall acquire artificial personality, and until such requisite shall have been complied with, said company may not maintain an action in Porto Rico by reason of any contract made by such company in the country or out of it when the other contracting party is a resident of this Island."

Neither of the original contracting parties in the instant case was "a resident of this Island". The contract between the insurance company and Muñoz was merely declaratory of the law as to the insurance company's right to subrogation and reimbursement upon payment of the loss suffered by the steamship company through the misconduct of Muñoz. Even if plaintiff had made no mention whatever of its contract with Muñoz, the complaint would have stated facts sufficient to constitute a cause of action.

The insurance company stood in the shoes of the steamship company and irrespective of the contract with Muñoz was exercising the steamship company's right to recover from Muñoz the loss caused by the misconduct of Muñoz as an agent and employee of the steamship company. To that extent it has legal capacity to sue notwithstanding its contract with Muñoz and notwithstanding the provisions of Section 135. See: *Hartford Fire Ins. Co. v. Galveston Ry. Co.*, 239 S.W. 919; *Phoenix Ins. Co. v. Pennsylvania Co.* (Indiana) 20 L.R.A. 405; 25 Corpus Juris 1116, sec. 33; 60 Corpus Juris 700, sec. 7; 32 Corpus Juris 997, sec. 30.

The act known as "The Insurance Law of Porto Rico" is entitled "An Act providing for the incorporation of domestic insurance companies; to regulate the insurance

business in Porto Rico, and for other purposes''. Title IV treats of foreign insurance companies and more specifically of foreign insurance companies. doing business in Puerto Rico or desiring to do business in Puerto Rico. By the first paragraph of subdivision (*m*) of Section 2 of the law, the phrase ''company engaged in the insurance business in Porto Rico'' is defined as ''any company having in this Island a general or soliciting agent, or any other representative or person authorized to do any act enumerated in this section under the definition 'agent' ''. The term agent is defined in subdivision (*n*) as:

''. . . Every person, partnership, company, corporation, asociation or society which, either in representation of an insurance company duly appointing such person, partnership, company, corporation, association or society, or otherwise solicits, accepts, gives course to or transmits insurance applications for any natural or artificial person in Porto Rico, other than said person partnership, company, corporation, association or society; or who receives for delivery to parties interested, policies, bonds, or other certificates of guarantee, issued on applications from this Island; or who procures or executes, issues or authorizes certificates or other documents except such as may be hereinafter determined, by virtue which certificates the insurance of some person residing in Porto Rico, or of property located in this island, is made or aided in. Certificates of health, examination or other certificates issued by a physician, professional, or employee to his client or principal to be used by the latter in obtaining lawful insurance in his favor, provided such physician, professional or employee is not also in the service of the insuring company, or of its agents in Porto Rico, are, however, excepted.''

The contract, enforcement of which is forbidden by Section 135, is a contract entered into by a foreign insurance company doing business in Puerto Rico or attempting to do business in Puerto Rico without first having complied with the requirements of the insurance law. Plaintiff herein expressly averred that it had done no insurance business in Puerto Rico. That averment is not necessarily in conflict with any other averment contained in the complaint. In dis-

posing of the questions raised by the demurrer it must be taken as true. A foreign insurance company which has not done any business in Puerto Rico need not register as a foreign insurance company desiring to do business in Puerto Rico in order to acquire legal capacity to sue upon a contract such as that described in the complaint. The contract itself, of course, is not before us. We would not be understood as anticipating any question that may arise when it is introduced in evidence.

. · In view of the conclusions already reached, we need not at this time pass upon the constitutionality of the provision contained in Section 135 concerning contracts made elsewhere than in Puerto Rico. It may be that the constitutionality of that provision, even as we have construed it, is not entirely free from doubt. If not construed as we have construed it, the constitutionality thereof would be, to say the least, extremely doubtful. See *British American Portland Cement Co.* v. *Citizens' Gas Co.*, 164 S. W. 468, Ann. Cas. 1915 C 151, 165; *International Text Book Co.* v. *Pigg,* 217 U.S. 91; Annotated Cases 1914 A 702, 706, 709; *Allgeyer* v. *Louisiana,* 165 U.S. 578; *Mass. Bonding & Ins. Co.* v. *Home Life & Acc. Co.*, 178 S.W. 314; *Willis* v. *Willis,* 75 N.E. 655; *David Lupton's Sons* v. *Auto Club of America,* 225 U.S. 489, Ann. Cases 1914 A. 699; 32 A.L.R. 636; 92 A.L.R. 932, 934; 1 A.L.R. 1665; *Kansas City Ins. Co.* v. *Elmore,* 226 S.W. 709; *Graysonia Ry.* v. *Newberger Cotton Co.*, 282 S.W. 975; *Rothwell* v. *Bugbee Wears Co.*, 275 U.S. 274; 32 C.J. 997.

The judgment appealed from must be reversed and the case remanded for further proceedings not inconsistent herewith.

Mr. Justice Córdova Dávila took no part in the decision of this case.