STATE OF INDIANA EX REL. ESTILL, ADMINISTRATOR, ETC. *v.* LAKE CIRCUIT COURT, KAUL, JUDGE

[No. 29,068. Filed September 29, 1953.]

*Harold J. Helbling,* of East Chicago, for relator.

*E. Miles Norton* and *John R. Lynch,* both of Crown Point, for respondents.

BOBBITT, C. J.—On July 29, 1953, relator filed with the clerk of this court his verified petition for writ of prohibition seeking to prohibit the Lake Circuit Court and Felix A. Kaul, as judge thereof, from proceeding further in the administration of the estate of one Irene Johnson, deceased.

On August 4, 1953, at a conference of the full court, we denied the petition, without opinion. We now state our reasons for such denial.

The facts here relevant as stated in the verified petition and as shown by certified copies of the record below are as follows:

On August 18, 1952 an application for letters of administration was filed with the Clerk of the Lake Circuit Court requesting appointment of one Annie E. Hinton as administratrix of the estate of the said Irene Johnson. The application was accompanied by an administrator's bond, together with a duly verified oath by the said Annie E. Hinton to faithfully perform the duties of administratrix of the estate of Irene Johnson, deceased.

On August 19, 1952 said clerk of the Lake Circuit Court approved the bond theretofore filed on August 18th and issued letters of administration to Annie E. Hinton.

On August 19, 1952 a purported Last Will and Testament of Irene Johnson was filed and probated in the Lake Superior Court and one Robert G. Estill was appointed and qualified as administrator with the Will annexed of the estate of the said Irene Johnson, deceased.

On September 2, 1952 the Judge of the Lake Circuit Court entered the following order:

> "It is now considered, adjudged and decreed by the court that all entries made by the Clerk of this Court in Vacation after the April Term, 1952, in Probate Matters, including the approval of all bonds in estates and guardianships be and are now made the finding act and judgment of the Court."[1]

The Lake Circuit Court and the Lake Superior Court have concurrent jurisdiction in the administration of estates. Section 6-101, Burns' 1933 Replacement, Acts 1881, (Spec. Sess.), ch. 45, §1, p. 423; Section 4-1112, Burns' 1946 Replacement, Acts 1907, ch. 112, §8, p. 170.

The two actions involved herein have the same subject matter, viz., the estate of Irene Johnson, deceased. Where two or more courts have concurrent jurisdiction of a matter, the one in which jurisdiction is first invoked retains it to the exclusion of all others until final disposition. *State ex rel. Allison* v. *Brennan* (1951), 229 Ind. 281, 97 N. E. 2d 925; *State ex rel. Ferger* v. *Circuit Ct.* (1949), 227 Ind. 212, 84 N. E. 2d 585.

In order to show that the Lake Circuit Court is without jurisdiction to proceed further in said estate, relator must show that jurisdiction of the estate was first invoked in, and exercised by, the Lake Superior Court. This he has wholly failed to do.

---

1. The Lake Circuit Court was in vacation on August 18 and 19, and the next ensuing term began on September 2, 1952.

Even if we were to hold that jurisdiction of the Lake Circuit Court was not invoked by the filing of an application for letters of administration, administrator's bond and oath on August 18th, a question which we need not, and do not, here decide, there is nothing in the record before us which shows that jurisdiction of the estate attached in the Superior Court at a time on August 19th prior to the time it was invoked in the Circuit Court.

One further question requires consideration, i.e., was the "blanket" order of the Lake Circuit Court entered on September 2, 1952, and quoted hereinabove, ■ sufficient to ratify the act of the clerk in approving the administratrix' bond and issuing letters of administration on August 19, 1953. We think this order was sufficient to satisfy the requirements of the statute (§6-102 and §6-502, Burns' 1933 Replacement).

Relator has failed to sustain the burden of proof and for this reason his petition for temporary writ of prohibition is denied.

Petition denied.

NOTE.—Reported in 114 N. E. 2d 560.