PETERS ET AL. *v.* BOARD OF COMMISSIONERS, ETC. ET AL.

[No. 30,192. Filed December 16, 1963.]

*Rice & Van Stone, Marion J. Rice* and *Jack N. Van-Stone,* of Evansville, for appellants.

*Loren McGregor* and *McDonald & McDonald,* both of Princeton, for appellees.

JACKSON, J.—This is an appeal from a judgment of the Gibson Circuit Court affirming the allowance of claim No. 2770 filed by Gibson General Hospital with the Board of Commissioners of Gibson County, Indiana, for the proceeds of Bond Issue Hospital Bonds of 1959 of Gibson County, Indiana, dated May 1, 1959, in the amount of $494,085.88.

Briefly the factual situation in the case at bar may be summarized as follows:

In the year 1958 proper petition requesting the issuance and sale of bonds of Gibson County Indiana, pursuant to Acts 1951, ch. 128, §1, p. 330, being §22-3243, Burns' 1963 Cum. Supp., for the purpose of giving financial aid for the construction, equipment and improvement of the Gibson General Hospital, a not for profit hospital corporation was filed with the Board of Commissioners of that county. The petition was examined, considered and approved by the board. It appeared that the total cost of the project exceeded the sum of $1,800,000 of which amount the petition addressed to the Board of Commissioners requested the county to contribute $500,000 to be raised by the issuance and sale of bonds of Gibson County, Indiana, bearing interest at a rate not exceeding five per cent [5%] per annum, and to be payable in not to exceed ten (10) years from the date of issuance.

Thereafter, an ordinance providing for the appropriation and issuance and sale of bonds of Gibson County, Indiana, for the purpose of providing funds to give financial aid for the construction, equipment and improvement of appellee hospital was presented, read and in due course passed after giving notice.

Thereafter, in due course, the bonds were issued and sold.

No question is presented challenging any of the proceedings other than the allowance of claim No. 2770. It appears that on May 1, 1959, Gibson General Hospital filed such claim in the sum of $494,085.88 which was approved on September 1, 1959. On September 16, 1959, appellants filed their affidavits and cost bond with the Auditor of Gibson County alleging that they were not parties to the proceedings before the Board of Commissioners of Gibson County, that they were

aggrieved by the allowance of said claim and praying an appeal to the Gibson Circuit Court.

The cause was tried to the court on June 13, 1961; on September 18, 1961, the court made its findings and entered judgment in favor of Gibson General Hospital and against appellants.

On October 3, 1961, appellants filed their motion for new trial, which motion omitting formal parts thereof and signatures thereto reads as follows:

"1. Irregularities in the proceedings of the Court by which the Appellants were prevented from having a fair trial, in this, to-wit: the Court erred in overruling the Appellants' Motion for a Change of Venue and in refusing to grant a change of venue.

"2. The decision of the Court is not sustained by sufficient evidence.

"3. The decision of the Court is contrary to Law."

The motion for new trial was overruled on October 17, 1961, and appellants' assignment of error is the single ground:

"1. The Court erred in overruling appellants' motion for a new trial."

Appellants have specifically waived specification one of their motion for new trial, and have consolidated their specifications two and three of the motion for new trial into one argument.

We think appellants have concisely set forth the gist of their contentions at pages 87—90 of their brief and we therefore here set forth those pages which read as follows:

"The claim of Gibson General Hospital depends upon the constitutionality of chapter 128 of the

Acts of 1951 (p. 330) which is found in Burns'
Ind. Stat. (1961) Accumulative Pocket Supplement
§§22-3243, 22-3244. Sections one (1) and two (2)
of this Statute read as follows:

"SECTION 1. 'Whenever the board of commis-
sioners and county council of any county which
does not itself maintain a general county hospital
shall determine that said county is not provided
with sufficient hospital facilities to care for the
inhabitants thereof properly, such counties shall
be authorized to give financial aid for the con-
struction, equipment and improvement of hospital
facilities owned and operated by one or more
hospital associations not for profit but as a benev-
olence, or owned by a governmental unit in such
county and operated by a hospital association not
for profit but as a benevolence: Provided, That
the membership and officers of the hospital as-
sociation requesting such aid shall not be limited
to persons residing in any certain section of the
county, and its governing body shall be entirely
non-sectarian and non-political, and shall be chosen
by election by the members of the association, and
that one member of said body shall be a member
of or a person designated by the board of com-
missioners, and one member of said body shall
be a member of or a person designated by the
county council of said county. In order to provide
funds for such purpose, the county shall be au-
thorized to issue its bonds or to make appropria-
tions from the county treasury under the general
laws governing the issuance of bonds and the mak-
ing of appropriations by counties.

"SECTION 2. 'Every hospital to which financial
assistance is given by a county under the pro-
visions of this act shall be operated for the benefit
of all of the inhabitants of such counties without
discrimination. The rates and charges for service
shall be reasonable and shall apply to all inhabitants
of the county alike but the governing bodies of
such hospitals may extend the privileges and use
of such hospitals to persons residing outside of
such county upon such terms and conditions as
said board may from time to time by its rules and
regulations prescribe.'

"Section three (3) declares an emergency. This statute is unconstitutional in that it violates the following portion of Article 10, §6 of the Indiana Constitution.

" 'nor shall any county loan its credit to any incorporated company, nor borrow money for the purpose of taking stock in any such company;'

"Gibson General Hospital, Appellee, is a private corporation organized and existing under the laws of the State of Indiana (Tr. p. 236).

Gibson County, through its Commissioners and Council and pursuant to chapter 128 of the Acts of 1951, borrowed money through the issuance of 'Hospital bonds of 1959 Gibson County, Indiana' in the amount of Four Hundred Ninety-four Thousand Eighty-five Dollars and eighty-eight cents ($494,085.88).

"Gibson General Hospital filed a claim (Tr. p. 12) the allowance of which donated the proceeds of these bonds to the Gibson General Hospital, a private corporation (Tr. p. 13).

It is the Appellants contention that the allowance of this claim is not sustained by sufficient evidence in that Gibson General Hospital is not 'owned by a Governmental unit of such county' and that it is contrary to law in that it loans the credit of the County to an incorporated company in violation of Article 10 of §6 of the Constitution of Indiana.

"Inasmuch as §1 of chapter 128 of the Acts of 1951 authorizes 'counties to give financial aid for the construction, equipment and improvement of hospital facilities owned and operated by one (1) or more hospital associations not for profit but as a benevolence,' it violates article 10, §6 of the Indiana Constitution. As stated in 38 Am. Jur. Municipal Corporations, §403, p. 96:

" 'It is not, however, within the power of a municipal corporation, even with express legislative authority, to donate funds in aid of a private institution although it is devoted to charitable or educational work for which public funds might lawfully be expended by the municipality directly, if the corporation controls the institution, selects

its own officers, manages its own affairs, and owes no duty to the state except that which arises from the nature of the work undertaken by it.' "

The finding and judgment of the Gibson Circuit Court reads as follows:

"And now the court being sufficiently advised in the premises, finds as follows:

"The amended objections of Henry A. Peters and Glenn O. Dickenson are not sustained and said objections should be overruled.

"That Board of Gibson County Commissioners and said Gibson General Hospital have established each the material allegations of their answer to said amended objections and are entitled to a finding in their favor upon said answer.

"The claim of Gibson General Hospital, being claim number 2770, filed with the Board of Gibson County Commissioners for the proceeds of bond issue hospital bonds of 1959 of Gibson County, Indiana, dated May 1, 1959, in the amount of $494,085.88, was a valid and subsisting claim for said proceeds in said amount.

"The allowance of said claim on September 1, 1959, by the Board of Commissioners of Gibson County, Indiana, was in all things legal and proper, and that said Board of Commissioners had the authority to allow said claim.

"Said claim should in all things be approved and allowed.

"The costs of this proceeding should be by the clerk taxed against the objectors, Henry A. Peters and Glenn O. Dickenson.

"It is therefore, considered, ordered, adjudged and decreed by the court that claim number 2770 heretofore filed by Gibson General Hospital with the Board of Gibson County Commissioners for the proceeds of bond issue Hospital Bonds of 1959 of Gibson County, Indiana, dated May 1, 1959, in the amount of $494,085.88, was in all things a valid and subsisting claim at the date of its filing and

allowance by the Board of Gibson County Commissioners of Gibson County, Indiana.

"The allowance of said claim by the Board of Gibson County Commissioners of Gibson County, Indiana, on September 1, 1959, in said amount as by them allowed was in all things legal and proper.

"The amended objections to claim herein filed by Henry A. Peters and Glenn O. Dickenson are not sustained and are overruled.

"It is further adjudged and decreed that said Henry A. Peters and Glenn O. Dickenson pay the costs of this proceeding."

We note that appellees filed answer to appellants amended objections. Paragraph II, III and IV of such answer assert laches and estoppel of appellants. Appellants filed reply in denial to paragraphs II and III and for reply to paragraph IV rhetorical paragraphs 1, 2, 4 and 5 in admission and to rhetorical paragraphs 3, 6, and 7 in denial.

The constitutionality of a statute is never decided in any case unless such determination is absolutely necessary in order to adjudicate the merits of the action in which such statute has been drawn in question. 5 I. L. E. §34, p. 301, Constitutional Law.

The finding and judgment of the trial court that "the amended objections of appellants are not sustained and are overruled," in view of the answers and replies filed in the case at bar amounted to a finding and judgment that appellants were estopped to raise the constitutional question.

We point out that in the case at bar no action was taken by the appellants to challenge any of the proceedings below until after the bonds had been sold.

"The general rule is that it is the duty of a person whenever he regards constitutional rights as invaded, to raise an objection at the ■ earliest fair opportunity and the failure to do so amounts to a waiver of the right." 5 I. L. E. §36, p. 304, Constitutional Law.

Judgment affirmed.

Landis, C. J., and Myers, J., concur; Achor and Arterburn, JJ., concur in result.

NOTE.—Reported in 194 N. E. 2d 619.