WINN *v*. FIELDS, SHERIFF OF MARION COUNTY.

[No. 30,811.  Filed September 29, 1966.]

*William C. Erbecker,* of Indianapolis, for appellant.

*John G. Tinder,* of Indianapolis, for appellee.

JACKSON, J.—This matter comes to us by way of appeal from a denial of a writ of Habeas Corpus to appellant by judgment of the Marion Circuit Court. The appeal herein was submitted on the 14th day of September, 1965, the date of filing the transcript and assignment of errors in the office of the clerk of this Court.

This Court granted appellant's petition for an extension of time to file appellant's brief on the 13th day of October, 1965; time granted to and including the 29th day of November, 1965. On the 29th day of November, 1965, appellant's brief was filed in this court.

The record here discloses that on December 28, 1965, appellee filed herein "Appellee's Special Appearance and Appellee's Motion to Dismiss Appeal or Affirm Judgment" alleging therein that neither the appellee or his attorney had been served with a copy of the appellant's brief as required by Rule 2-19 of this Court.

Thereafter, on December 29, 1965, the Attorney General of Indiana filed a special appearance for the purpose of filing "Attorney General's Conditional Petition for Time to File Amicus Brief." Such conditional petition, omitting heading, formal parts and signature, reads as follows:

"1. That the above entitled cause is an appeal from a habeas corpus proceeding submitted to this Court on the 14th day of September, 1965.

"2. That on the 29th day of November, 1965, the Attorney General was served with two (2) copies of the Appellant's Brief as filed in the above entitled appeal.

"3. That the Attorney General has no authority to represent the Appellee in the above entitled cause.

"4. That the Appellant *has attempted to present* in the above entitled appeal the question of the constitutionality of a law enacted by the General Assembly of Indiana, being chapter 289, Indiana Acts of 1935, being Burns Indiana Statutes §§ 9-3001 to 9-3004, 1956 Replacement Volume.

"5. That said chapter 289, Indiana Acts of 1935, is entitled as follows:

" 'An act providing that the state of Indiana may enter into a compact or compacts with any of the United States for mutual helpfulness in relation to persons convicted of crime or offenses or who are or may be at large on probation or parole, and providing that the state may enter into a compact or compacts with any of the United States that will provide for cooperation effort and mutual assistance amongst them in the prevention of crime and in the enforcement of their respective penal laws and policies and to establish such agencies, joint or otherwise, as said states may deem desirable for making effective such agreements and compacts.'

"6. That with respect to said chapter 289, Indiana Laws of 1935, the Governor of this State has entered into

a compact on behalf of the State of Indiana with almost all of the other states of these United States.

"7. That the State of Indiana is interested in the constitutionality of laws enacted by the General Assembly of Indiana.

"8. That the Attorney General, in his official capacity, is required to attend to the interests of this State in all actions in which the State is interested in this Court.

"9. That the Attorney General, as chief law officer of this State, is interested in the constitutionality of this particular law.

"10. That because this is a petition by the chief law officer of this State and because of the importance of the question involved, this petition is entitled to the gravest consideration."

Habeas Corpus is not a criminal proceeding; therefore, the statute providing that the Attorney General shall represent the State in all criminal cases in the Supreme Court does not apply here. The Attorney General's petition admits that he does not represent the appellee.

This court has held that the Attorney General, in his official capacity, cannot represent a county sheriff as attorney in such appeals. *Davis* v. *Pelley* (1952), 230 Ind. 248, 102 N. E. 2d 910. Thus, there has been no proper service of appellant's brief on the appellee.

Appellant in his reply brief alleges that his failure to serve appellee with copies of appellant's brief was partly cured by appellant's counsel sending copies of the brief to appellee's attorney shortly after the filing of appellee's special appearance. Appellant fails to substantiate such service by filing proof thereof with this court. Furthermore, the proof of service of appellant's reply brief indicates that the reply brief was served on the Attorney General not the appellee or the appellee's attorney.

The rules of this Court are binding on the Court as well as the litigants. *State ex rel. Spelde* v. *Minker, Trustee, etc.*

(1963), 244 Ind. 421, 422, 193 N. E. 2d 365; *State ex rel. Woods, Treas.* v. *Knox C. C., Seal, J.* (1954), 233 Ind. 552, 553, 121 N. E. 2d 880.

Appellee's Motion to Dismiss Appeal is now granted and the Attorney General's conditional Petition for Time to File Amicus Brief is denied.

Rakestraw, C. J., Arterburn and Myers, JJ., concur. Achor, J., not participating.

NOTE.—Reported in 219 N. E. 2d 896.