PASSWATER, ETC., ET AL. *v.* WINN.

[No. 30,823. Filed September 19, 1967.]

*John J. Dillon,* Attorney General, and *Raymond I. Klagiss,* Deputy Attorney General, for appellants.

*William C. Erbecker,* of Indianapolis, for appellee.

HUNTER, C. J.—This is an appeal from the Hamilton Circuit Court wherein the court under habeas corpus proceedings discharged the appellee from the custody of the appellants. Prior to the incarceration of the appellee by the Hamilton County officials, the following events had occurred: the appellee was on parole after having been convicted of murder in Texas. He came to Indianapolis after his release but he was still under sentence. Apparently his parole was revoked and under the authority of interstate compact concerning parolees (see Ind. Ann. Stat. §§ 9-3001 et seq.), the administrator of the compact issued a detainer which had the appellee taken into custody in the Marion County Jail. Subsequently, appellee filed a petition for a writ of habeas corpus which was denied by the Marion Circuit Court. Appellee initiated an appeal from this action and was released on appeal bond. (This appeal has been dismissed, see *Winn* v. *Fields* (1966), 247 Ind. 589, 219 N. E. 2d 896.) The parole authorities had appellee reapprehended but the Marion County sheriff's office refused to accept him, as he was considered free on appeal bond. Consequently, the authorities took him to Hamilton County where he was held. The appellee then filed a petition for a writ of habeas corpus in the Hamilton Circuit Court which was granted. This appeal then arose.

The main issue before this Court relates to the propriety of the Hamilton Circuit Court's action in releasing the appellee. The writ before the lower court questioned the Hamilton County officials' authority to restrain the appellee.

The appellants would have this Court decide this question on the basis that the Hamilton Circuit Court exceeded its jurisdiction because it in effect reviewed the judgment of another court. See *Bangs* v. *Johnson, Sheriff* (1937), 211

Ind. 314, 6 N. E. 2d 944; *Lane* v. *Hobbs* (1965), 246 Ind. 640, 208 N. E. 2d 182. However, the action of the Hamilton Circuit Court in no way reviewed the action of another trial court. The detention of the appellee by the Hamilton County officials was in no way related to the action of the Marion Circuit Court which in fact had released the appellee on an appeal bond. Realistically, it would seem that the appellants, themselves, wanted the Hamilton Circuit Court to review the action of the Marion Circuit Court by having the appeal bond declared an error, so that they would have a basis for reapprehending the appellee under the original detainer. It was this very action which the Hamilton Circuit Court refused to take when it released the appellee. (We do not have the question of the propriety of the appeal bond before us, and we do not consider the issue.) Consequently, we fail to see that the appellants' contentions have any merit.

Since the Hamilton Circuit Court had no jurisdiction to consider the propriety of the appeal bond issued by the Marion Circuit Court, the question becomes by what authority did the Hamilton County officials arrest and jail the appellee while he was free on an appeal bond.

The only authority shown in the return to the writ for the arrest or detainment of the appellee related to the original detainer under the interstate parole compact. The appellee in effect would have us decide the constitutionality of this legislation (Ind. Ann. Stat. § 9-3001 et seq.), thereby making the detainer insufficient authority regardless of the circumstances. However, a constitutional question unnecessary to a determination of the merits should not be decided. *Peters et al.* v. *Board of Comrs.* (1963), 244 Ind. 544, 551, 194 N. E. 2d 619; *Roth* v. *Local Union No. 1460 of Retail Clerks Union* (1939), 216 Ind. 363, 369, 24 N. E. 2d 280.

There are no cases in point cited to us by either the appellants or appellee, nor have we found any. We are of the

opinion that once a defendant has been taken into custody under a detainer and set free in proceedings involving the detainer within a court of competent jurisdiction, the detainer loses whatever authority it once had until further action by such court. Therefore, since appellee was still involved in proceedings relating to his first detention under the detainer and was free on an appeal bond by the authority of the Marion Circuit Court, until further action by such court, the original detainer was not sufficient authority for the Hamilton County officials to arrest and put the appellee in jail.

Since no other authority is in the record by which the Hamilton County officials could have taken such action, the Hamilton Circuit Court was correct when it granted the writ and discharged the appellee.

Judgment affirmed.

Mote, J., dissents with opinion.

### DISSENTING OPINION.

MOTE, J.—I wish to record my dissent to the majority opinion and decision in this cause.

The record in this appeal reveals that Appellee was incarcerated in the Hamilton County Jail and filed a verified petition for a writ of habeas corpus. Motion to quash the petition was overruled and after a hearing, Appellee was released. This appeal stems from the order of release by the Judge of the Hamilton Circuit Court.

Prior to the above proceeding, which resulted in Appellee's release, it appears that Appelle had been convicted of the crime of murder in the State of Texas; that he had been found guilty; and that he received a sentence for said crime for a period of not less than 2 years to life. He had been paroled by the State of Texas and under the Uniform Interstate Compact for the Supervision of Parolees and Proba-

tioners, he was paroled to the State of Indiana and came under the supervision of the Indiana Parole Authorities.

Because of what appeared to be a violation of the conditions of his parole, the Board of Pardons and Paroles for the State of Texas issued to the Indiana Authorities an order that Appellee be arrested and detained and on the issuance of a warrant therefor, Appellee was arrested and placed in the Marion County Jail.

Appellee then filed a petition for writ of habeas corpus and after hearing, the same was denied. However, at the conclusion of the hearing and denial, Appellee sought release pending appeal to this Court and posted a $3,000 bond. Appellee then was released.

The State of Indiana took exception to Appellee's release on bond pending appeal and filed in the Marion Circuit Court what is designated as a "Motion to Expunge Clerical Error and/or Order from the Record and Special Prayer for Immediate and Summary Relief." The matter was set for hearing and Appellee asked for a continuance which was granted.

Thereafter and before any hearing in the matter pending in the Marion Circuit Court, Appellee filed in the Hamilton Circuit Court another writ of habeas corpus and after hearing thereon, Appellee was released. It is that order of release which concerns us in this appeal.

The Attorney General of Indiana asserts that the action of the Hamilton Circuit Court is erroneous for the following reasons:

1. The Hamilton Circuit Court did not have jurisdiction of the matter because it attempted to review the action of another circuit court—the Marion Circuit Court.
2. Appellee is not entitled to release on bond pending an appeal.
3. The appeal had not been perfected within the statutory time.

It seems to us that if the State of Indiana is to honor its commitment under the Uniform Interstate Compact for the Su-

pervision of Parolees and Probationers, it had the duty to arrest Appellee on the warrant issued and to place him in the Marion County Jail.

Inasmuch as Appellee's sentence in the State of Texas amounted to what may be a life sentence, it is doubtful indeed if he were entitled to the release on bond pending appeal. To provide one in Appellee's situation with the liberty he sought would in effect give him the relief to which he was not entitled under the decision of the Marion Circuit Court. It is our opinion, based upon the facts at bar, that Appellee was not entitled to enlargement of the decree, thus to provide him with the liberty which he sought in the original proceeding. To do so would be equivalent to denying the request for relief and then providing him the relief under an appeal bond. If we are to follow *Willis* v. *Willis* (1905), 165 Ind. 332, 75 N. E. 655, it seems to us that where a life sentence is involved, an appeal bond can be granted in a habeas corpus proceeding only for the purpose of staying the cost of the action. Following this authority indicates that Appellee was not entitled to release on bond and that his said release resulted from a mistake or a misunderstanding of the facts and of the law.

The 1935 Acts of the Ind. Gen. Assembly, ch. 283, § 1, p. 1399, Burns' Ind. Stat. Anno. 1956 Repl. § 9-2312 provides as follows:

> "Whenever any person is convicted in any circuit, superior or criminal court of the state of Indiana of any offense, and such person has appealed such cause or desires to appeal the same and has given notice thereof as required by law, such person shall be admitted to bail pending such appeal upon compliance with the provisions of this act: *Provided, That this act shall not apply where the sentence is death or imprisonment for life:* And provided, further, That this act shall not apply to any judgment of commitment of any minor to any correctional institution of the state other than the Indiana Reformatory." (Emphasis supplied.)

While Appellee was in the Hamilton County Jail, it generally would appear that the Circuit Court would have juris-

diction of Appellee as a prisoner. However, the jurisdiction of Appellee first was established in the Marion Circuit Court by the filing of the original writ of habeas corpus, at which time Appellee was in the Marion County Jail. He was denied relief on his petition and we think he was not entitled to release on bond, inasmuch as he was facing a life sentence. Furthermore, the record does not reveal that Appellee had pursued the appeal properly.

The record appears to reveal that the Judge of the Hamilton Circuit Court was apprised of all of the facts concerning the prior proceedings which, we think, should have induced him to decree that he was without jurisdiction in the matter pending before him and from which this appeal stems. *State ex rel Kunkel* v. *Circuit Court of LaPorte County* (1936), 209 Ind. 682, 200 N. E. 614; *Ex parte Boos* (1911), 175 Ind. 389, 94 N. E. 401; *State ex rel Estill* v. *Lake Circuit Court* (1953), 232 Ind. 529, 114 N. E. 2d 560.

The Marion Circuit Court already had ruled that Appellee was not entitled to his liberty in the habeas corpus proceedings. It appears that Appellee mistakenly was released on an appeal bond which could serve only to stay the costs. Discovering that Appellee had been released, the State of Indiana attempted to take a positive step in support of its contention that Appellee had been unlawfully released from the Marion County Jail by filing the Motion to Expunge etc. Appellee sought a continuance, as above stated, and then filed another petition in the Hamilton Circuit Court. It seems to us in line with a recent decision of this Court that Appellee has sought and in fact was granted relief outside of the court first clothed with jurisdiction. Judge Arterburn said:

> "It has never been the law in Indiana that one trial court may review the judgment or errors of another trial court by or through a writ of habeas corpus. In habeas corpus, one trial court may not go behind the judgment of another trial court." *Lane* v. *Hobbs* (1965), 246 Ind. 640, 208 N. E. 2d 182.

The decision of the trial court should have been reversed and the Marion Circuit Court should have been invested with jurisdiction to determine the issuable questions involved in the proceeding filed therein. We are of the opinion that Indiana must honor its commitment under the Uniform Interstate Compact for the Supervision of Parolees and Probationers. Further, because Appellee has not pursued his appeal from the decision of the Marion Circuit Court, as well as not being entitled to release on bond by reason of a life sentence in the State of Texas, a warrant for Appellee's arrest should have been issued by the Marion Circuit Court having jurisdiction herein.

NOTE.—Reported in 229 N. E. 2d 622.