**BUREAU OF MOTOR VEHICLES,**
Appellant (Defendant Below),

v.

**Randy SCOTT, Appellee**
**(Plaintiff Below).**

No. 484S144.

Supreme Court of Indiana.

Sept. 19, 1986.

Linley E. Pearson, Atty. Gen., Arthur M. Small, Deputy Atty. Gen., Indianapolis, for appellant.

Max Howard, Anderson, for appellee.

SHEPARD, Justice.

Appellant Bureau of Motor Vehicles appeals the judgment by which the Madison Circuit Court found that appellee Randy Scott had been erroneously determined to be an habitual traffic offender and declared that the administrative suspension procedures of the Habitual Traffic Offender Act[1], were unconstitutional under the "due course of law" provisions of the Indiana Constitution, Art. 1, § 12. Because we believe the trial court unnecessarily reached the constitutional question, we affirm only the trial court's finding that Scott was not an habitual traffic offender. The judgment of the trial court finding the administrative suspension procedures of the Habitual Traffic Offender Act unconstitutional is vacated.

These proceedings were set in motion on August 31, 1983, when Scott, a professional truck driver, received a letter from the Bureau informing him that his driver's license would be suspended effective September 2, 1983. The Bureau alleged three convictions for traffic offenses upon which it determined that Scott was an habitual traffic offender under Ind. Code § 9-4-13-3(a)(2): (1) driving while intoxicated on October 8, 1981, (2) driving with a suspended license on March 31, 1975, and (3) reckless driving on January 16, 1975.

The next day, Scott filed a complaint in the Madison Circuit Court and obtained a temporary restraining order preventing the Bureau from suspending his driver's license. On September 9, 1983, at a hearing on Scott's request for a preliminary injunction, Scott presented a certified docket entry from the city court of Anderson showing that the March 31, 1975, charge of driving with a suspended license had been dismissed. The Bureau did not contest this evidence, and a preliminary injunction was ordered. At no time during the pendency of these proceedings has Scott's license been suspended.

Scott's motion for summary judgment on his complaint for a permanent injunction was heard on January 18, 1984. The Bureau condeded that it was "in no position to contest" that Scott's driving while suspended charge had been dismissed. However, the parties went on to argue extensively the merits of Scott's constitutional challenge.

■ Because it was plain that Scott had accumulated only two of the three convictions required under Ind. Code § 9-4-13-3(a)(2), the trial court determined that he was not an habitual traffic offender. It also held:

---

1. Ind.Code § 9-4-13-1 through § 9-4-13-19 (Burns 1983 Supp.), as amended by 1983 Ind. Acts, P.L. 127 (repealed and recodified by Ind. Code § 9-12-1-1 through § 9-12-3-3) (Burns 1984 Supp.).

10. Public Law 127–1983 was enacted April 19, 1983 and became effective September 1, 1983. It authorizes summary driving license suspension without prior notification or review and thereby violates Article 1 Section 12 of the Indiana Constitution.

11. Public Law 127–1983 does not contain a severability clause and, therefore, the entire act is unconstitutional.

The court's determination that Scott is not an habitual traffic offender is supported by the evidence before us and will not be disturbed on review. In fact, the Bureau does not argue that Scott *is* an habitual traffic offender. Though the Bureau urges us to reverse the judgment of the trial court, there appears to be no controversy over the substantive determination that Scott is not an habitual traffic offender. Rather, the parties urge this Court to rule on the constitutionality of the administrative procedures used in suspending Scott's license. We decline.

It is long established that "a constitutional question unnecessary to a determination of the merits should not be decided." *Passwater v. Winn* (1967), 248 Ind. 404, 405, 229 N.E.2d 622, 623; *accord, Hammond City Court v. State ex rel. Hofbauer* (1965), 247 Ind. 300, 208 N.E.2d 682; *Greene, Mayor v. Holmes* (1928) 201 Ind. 123, 166 N.E. 281. This long-standing policy of judicial restraint is necessary to the proper determination of such important questions. Shortly after the adoption of the present Indiana Constitution, Judge Stuart wrote for this Court:

> Almost every case that comes here, though it be barren of any other point, is sure to involve a constitutional question.... While courts cannot shun the discussion of constitutional questions when fairly presented, they will not go out of their way to find such topics. They will not seek to draw in such weighty matters collaterally, nor on trivial occasions. It is both proper and more respectful ... to discuss constitutional questions only where that is the very *lis mota*,

*Hoover v. [Wood]* (1857), 9 Ind. 286, 286–87.

It therefore becomes "the duty of the court not to enter upon the consideration of a constitutional question where the court can perceive another ground on which it may properly rest its decision." *Applegate v. State ex rel. Bowling* (1901), 158 Ind. 119, 124, 63 N.E. 16, 18.

 The trial court properly decided this case on its merits. Scott is not an habitual traffic offender as defined by the statute; he currently holds a valid Indiana driver's license, and his license is not in danger of suspension. The case in controversy before the trial court was thus resolved, and it was unnecessary to determine the constitutionality of the Bureau's procedures.

The ruling of the trial court on the contitutionality of the Habitual Traffic Offender Act is ordered vacated. The judgment of the trial court finding that Scott is not an habitual traffic offender is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.