## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Douglas M. Grimes
Douglas M. Grimes, PC
Gary, Indiana

ATTORNEYS FOR APPELLEE
KAREN FREEMAN-WILSON

Jewell Harris, Jr.
Nicholas A. Snow
Harris Law Firm, P.C.
Crown Point, Indiana

ATTORNEYS FOR
APPELLEE/INTERVENOR
ATTORNEY GENERAL OF INDIANA

Gregory F. Zoeller
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Sharon Mallory,

*Appellant-Plaintiff,*

v.

Karen Freeman-Wilson, in her official capacity as Mayor of the City of Gary, Indiana,

August 16, 2016

Court of Appeals Case No.
45A04-1510-MI-1883

Appeal from the
Lake Superior Court

The Honorable
John M. Sedia, Judge

*Appellee-Defendant,*

Attorney General of Indiana,

*Appellee/Intervenor.*

Trial Court Cause No.
45D01-1505-MI-16

**Kirsch, Judge.**

[1]     Sharon Mallory ("Mallory") appeals the trial court's order affirming the decision of Karen Freeman-Wilson, in her capacity as Mayor of the City of Gary, Indiana ("Freeman-Wilson"), to remove Mallory from the Board of Commissioners of the Gary Sanitary District.  Mallory raises several issues for our review, which we consolidate and restate as:  whether the trial court erred in its determination that Mallory was properly removed as a commissioner of the Gary Sanitary District.

[2]     We affirm.

## Facts and Procedural History

[3]     Richard Comer ("Comer"), President of the Board of Commissioners of the Gary Sanitary ("the Board"), filed with Freeman-Wilson "Verified Charges in Support of the Removal of a Sanitary District Commissioner," which sought the removal of Mallory from her position as a member of the Board based on charges of neglect of duty.  *Appellant's App*. at 15-17.  His actions were initiated

under the authority of Indiana Code section 36-9-25-5, and subsection (a) of the statute states the requirements concerning the administrative hearings on the removal of commissioners. On October 17, 2014, a letter was sent via certified mail to Mallory, informing her of the charges and that a hearing on the charges would occur on October 28, 2014. *Id*. at 12-13. A certified mail receipt dated October 18, 2014 showed that Mallory received the letter. *Id*. at 14.

[4] Mallory failed to attend the hearing on October 28. The hearing was held before Freeman-Wilson, in her capacity as the Municipal Executive of the City of Gary, and evidence was presented by Comer. On October 31, 2014, Freeman-Wilson issued an order, removing Mallory as a Gary Sanitary District Commissioner. Pursuant to Indiana Code section 36-9-25-5(b), Mallory could appeal the findings made by the municipal executive within ten days of the order. On November 10, 2014, Mallory filed a complaint with the Lake Superior Court, appealing the decision by Freeman-Wilson to remove her as a Commissioner.

[5] Freeman-Wilson responded by filing a motion to dismiss Mallory's complaint, arguing that Mallory failed to exhaust her administrative remedies. On January 19, 2015, Mallory filed a "Motion for Order Finding Ind. Code § 36-9-25-5 Unconstitutional." *Appellant's App*. at 49. The trial court conducted a hearing regarding the parties' motions on September 23, 2015. On September 28, 2015, the trial court issued an order that affirmed the decision to remove Mallory from the Board and, as to any other issues, dismissed the complaint with prejudice. *Id*. at 9-11. Mallory now appeals.

# Discussion and Decision

[6] Mallory argues on appeal that the trial court erred in concluding that it lacked subject matter jurisdiction over the case due to her failure to exhaust administrative remedies. However, contrary to Mallory's contention, the trial court did not dismiss her appeal of Freeman-Wilson's decision due to lack of subject matter jurisdiction. Instead, the trial court affirmed Freeman-Wilson's decision to remove Mallory from the Board.

[7] Mallory was removed from the Board pursuant to Indiana Code section 36-9-25-5, which states:

> (a) A commissioner may not be removed from office except upon charges preferred before the municipal executive and a hearing held on them. The only permissible reasons for removal are neglect of duty and incompetence. The commissioner must be given at least ten (10) days' notice of the time and place of the hearing and the opportunity to produce evidence and examine and cross-examine witnesses. All testimony shall be given under oath. The municipal executive shall put his findings in writing and file them with the municipal clerk.

> (b) If the charges are sustained and the commissioner removed, he may appeal the findings within ten (10) days after the date they are filed with the clerk to the circuit or superior court of the county in which the municipality is located. The commissioner shall file an original complaint against the executive, stating the charges preferred and the findings made. The court shall hear the appeal within thirty (30) days after it is filed without a jury and shall either ratify or reverse the finding of the executive. The judgment of the court is final and an appeal may not be taken.

[8]     Judicial review of an administrative determination is limited to determining whether the administration possessed jurisdiction of the subject matter, whether the administrative decision was made pursuant to proper procedures, was based upon substantial evidence, was not arbitrary or capricious, and was not in violation of any constitutional, statutory or legal principle. *City of Kokomo v. Kern*, 852 N.E.2d 623, 627 (Ind. Ct. App. 2006) (citing *Rynerson v. City of Franklin,* 669 N.E.2d 964, 971 (Ind. 1996)). The court reviewing an administrative determination may not determine questions of credibility or weigh conflicting evidence and choose that which it sees fit to rely upon in determining whether there was substantial evidence to support an administrative action. *Id.*

[9]     Here, the evidence showed that Mallory was provided with a copy of the charges against her and written notice of the date and time of the hearing, which provided her an opportunity to present evidence on her behalf and question the witnesses against her. Mallory failed to participate in the hearing despite evidence that she received the notice through certified mail. *Appellant's App*. at 14. Therefore, the record of the hearing reviewed by the trial court consisted of the written charges against Mallory, the notice provided to Mallory, and the order by Freeman-Wilson removing Mallory from the Board. In its order affirming the decision by Freeman-Wilson, the trial court found that "the statute conferred jurisdiction upon Freeman-Wilson as municipal executive to hear the matter, the decision was made pursuant to proper procedure, was based upon substantial evidence, and was not arbitrary or

capricious or in violation of any constitutional, statutory or legal principle." *Id.* at 10.

[10] Pursuant to Indiana Code section 36-9-25-5, the judgment of the trial court is final, and no appeal may be taken. Ind. Code § 36-9-25-5(b). However, Indiana Appellate Rule 5(A) states, "Except as provided in Rule 4, the Court of Appeals shall have jurisdiction in all appeals from Final Judgments of Circuit, Superior, Probate, and County Courts . . . ." This court has previously stated, "It is a fundamental rule of law in Indiana that in cases where procedural statutes conflict with procedural rules adopted by the Indiana Supreme Court, the procedural rules take precedence. *In re J.H.*, 898 N.E.2d 1265, 1269 (Ind. Ct. App. 2009) (citing *Bowyer v. Ind. Dep't of Nat. Res.*, 798 N.E.2d 912, 916 (Ind. Ct. App. 2003)). Further, when there is a conflict between a statute and the Indiana rules of trial procedure, the rules of procedure will govern, and phrases in statutes contrary to the rules of procedure are considered a nullity. *Id.* at 1270. We, therefore, find that we have jurisdiction to decide this appeal notwithstanding the language in Indiana Code section 36-9-25-5(b) to the contrary.[1]

---

[1] Mallory argues that Indiana Code section 36-9-25-5 is facially unconstitutional because of the statement that no appeal may be taken from the judgment of the trial court. However, we decline to decide Mallory's constitutional claim as we decide the case on the merits. "It is long established that 'a constitutional question unnecessary to a determination of the merits should not be decided.'" *Bureau of Motor Vehicles v. Scott*, 497 N.E.2d 557, 559 (Ind. 1986) (quoting *Passwater v. Winn*, 248 Ind. 404, 405, 229 N.E.2d 622, 623 (1967)).

[11] Based on the record before us, we find nothing to contradict the trial court's findings. As the mayor of Gary, Freeman-Wilson was the municipal executive of the Gary Sanitary District and had subject matter jurisdiction over the removal of Mallory from the Board. The evidence showed that the proper procedure was followed in that Mallory was given at least ten days' notice of the hearing and the opportunity to present evidence and question the witnesses and Freeman-Wilson issued written findings in her decision to remove Mallory from the Board. Evidence was presented at the hearing to support the allegations of Mallory's neglect of duty and incompetence pursuant to Indiana Code section 36-9-25-5; therefore, the decision to remove Mallory from the Board was based on substantial evidence, was not arbitrary and capricious, and was not in violation of any constitutional, statutory, or legal principle. The trial court did not err in affirming Freeman-Wilson's decision to remove Mallory from the Board.

[12] Affirmed.

[13] Riley, J., and Pyle, J., concur.