APPLEGATE *v.* STATE OF INDIANA, EX REL.
BOWLING, ASSESSOR.

[No. 19,457.    Filed February 26, 1902.]

TAXATION.—*Examination of Bank Account.*—A county assessor is not
entitled under §8444 Burns 1894 to examine the accounts of any
bank depositor regardless of the question whether the depositor
is required to pay taxes in this State.  *p. 125.*

SAME.—*Examination of Bank Account.*—*Mandamus.*—*Sufficiency of Pe-
tition.*—A petition by the State on the relation of the county as-
sessor for a writ of mandate, under §8444 Burns 1894, to compel a
bank to permit relator to examine its books for the purpose of
obtaining information to enable him properly to discharge his
duty as such officer must allege that some taxpayer who was a
depositor in the bank at such time had failed to make a proper
return for taxation of all of his money so on deposit, or that the re-
lator had just cause to believe that he had not done so.  *pp. 125, 126.*

From Harrison Circuit Court; *C. W. Cook,* Judge.

Mandamus by the State on the relation of Daniel J.
Bowling, county assessor, against George W. Applegate
as president of a bank to compel such bank to allow re-
lator as such taxing officer to inspect its books.  From
an order granting the writ, defendant appeals.  *Reversed.*

*G. W. Self, M. W. Funk, W. Ridley, J. G. Williams* and
*J. T. Dye,* for appellant.

*W. T. Zenor, C. C. Jordan, R. S. Kirkham, W. L. Tay-
lor,* Attorney-General, *Merrill Moores* and *C. C. Hadley,*
for appellee.

GILLETT, J.—This action is a proceeding in mandamus
instituted in the court below against appellant and others
by appellee's relator, who was, at the time of the commence-
ment of this action, and during its continuance in the court
below, the county assessor of Harrison county, Indiana.
The judgment ordering the peremptory writ to issue, was
awarded only as against George W. Applegate, and he is
therefore the sole appellant.

The petition for the alternative writ sufficiently alleges the official capacity of the relator at the time the action was commenced and for more than two years immediately prior thereto. Relator further alleges in his petition that appellant and the other former defendants hereto were, at the time of the commencement of this action, and for more than three years then last past had been, conducting a general banking business, as partners, in said county; that the appellant was the president of said banking firm; that on the 1st day of April, 1898, and on the 1st day of April, 1899, said firm had and held on deposit in its bank as aforesaid sums of money in excess of $130,000 belonging to divers citizens and taxpayers of said county, but that the particular amount of each deposit was unknown to the relator; that said firm keeps a record in its office of the names of each of said depositors and of the amounts of their respective deposits; that the appellant, as said president, was the custodian of said record. The petition then proceeds as follows: "Your relator further avers that under the law of the State of Indiana, as such county assessor, in his official capacity, he is required, for the purpose of properly listing and assessing property for taxation and equalizing and collecting the taxes due thereon, to have an inspection and examination of the records of all public officers and the books and papers of all corporations and taxpayers of this State, for the purpose of obtaining information to enable him properly to discharge his duties as such officer, and to give such information as he may acquire, in reference to the concealment of property from taxation by any person or corporation contemplated in the law, to the county auditor, Auditor of State, and to the boards of review or tax commissioners; that, in the absence of an inspection and examination of the books and papers of the defendant banking partnership, he is without the means to acquire accurate and reliable *data* and information respecting the names and amounts of the vari-

ous and divers persons and taxpayers who were and are depositors in the defendants' bank on the 1st day of April, 1898, and the 1st day of April, 1899,. and is therefore unable to perform his official duties without an inspection and examination of said books and papers; that with a view to the discharge of his official duties, and in pursuance of the requirements of law in that behalf made and provided, he did, on the 6th day of September, 1899, at the office of said banking partnership, and during business and banking hours, request and demand of George W. Applegate, the chief officer and president of said banking firm, and in the possession and control of said books, the right and privilege of an inspection and examination of the books and papers of said banking partnership at such time as might be most convenient to said bank and the officers thereof, for the purpose of obtaining information to enable him properly to list and assess the moneys of depositors had and held by them on the 1st day of April of the years 1898 and 1899, for taxation and equalizing and collecting the taxes due thereon, as provided by law; that said banking partnership, by and through its chief officer and president, declined, refused, and objected to granting such right, inspection, and examination and wholly refused to permit your relator, as such county assessor, in his official capacity, to see, inspect, or examine such books and papers at that or any other time. Wherefore your relator says that by reason of the illegal and wrongful conduct of said defendant banking partnership he has been deprived of the information and knowledge which he deems essential to a proper discharge of his official duties, and he therefore prays the court for the issuance of an alternative writ of mandate against said defendant banking partnership to compel said defendants to permit said relator to have such inspection and examination of the books and papers of said firm as the law enjoins, or to show cause why it shall not do so."

Upon the filing of this petition an alternative writ of

mandate was issued, directed to the defendants below, by order of said court. By leave of court an amended alternative writ of mandate was subsequently issued, directed to said defendants. Said amended writ, aside from the caption and title, is as follows: "Whereas, Daniel J. Bowling, the relator in the above entitled cause, has filed in this court his sworn complaint alleging his demand and your refusal to grant him, as such county assessor, the right to inspect and examine such books and papers of said bank as are essential and necessary to enable him to ascertain the names of depositors and the amounts of their deposits in said bank on the 1st day of April, 1898 and 1899, and with the view of enabling him properly to discharge his official duties in that behalf as provided by law, and praying that an alternative writ of mandate be issued commanding you and the members of said firm to produce and exhibit to said Bowling, such county assessor, at the office of such banking firm, at such time as would be most convenient to said bank, said books and papers, or show cause why the same should not be done. Now, therefore, you are hereby commanded to present and exhibit the necessary books and papers of said bank to enable relator to ascertain the names of depositors and list of same and the amounts of deposits on April 1, 1898 and 1899, at the office of said bank, to said Daniel J. Bowling, county assessor, as aforesaid, for his inspection and examination, or in default thereof that you appear before said court at the court-house in Corydon on the 22nd day of September, 1899, at 10 o'clock a. m., to show cause, if any you have, why the same should not be done; and have you then and there this writ. Witness the clerk and the seal of said court this 19th day of September, 1899. Otto Cunningham, Clerk Harrison Circuit Court."

The appellant pursued the course of demurring separately to the petition and the amended writ and of demurring to them as an entirety. Each of said demurrers was overruled, and an exception was reserved by appellant to each

of said rulings. The assignments of error properly present the question as to whether the court below erred in any of said rulings. Although the alternative writ is the pleading that is in the nature of a complaint in the cause, yet it is the practice in this State to consider in connection therewith the averments of the petition. *Wampler* v. *State, ex rel.,* 148 Ind. 557, 38 L. R. A. 829, and cases there cited. Our principal reason for making a careful statement as to the character of the petition and of the amended alternative writ is because the question will arise as to whether the appellee's relator has not rendered his alternative writ subject to demurrer by the adoption of a theory that he is entitled to a greater right than we can accord him. According to the authorities, the practice in actions of mandamus is peculiar, since the respondent is not bound to look *dehors* the writ to ascertain the exact duty required of him. *Florida Central, etc., R. Co.* v. *State, ex rel.,* 31 Fla. 482, 13 South. 103, 20 L. R. A. 419, 34 Am. St. 30; *Chance* v. *Temple,* 1 Iowa 179; *Hartshorn* v. *Assessors of Ellsworth,* 60 Me. 276; Moses on Mandamus, §260. Mr. High says: "Especial care should be taken in framing the mandatory clause of the alternative mandamus, since the writ must be enforced in the terms in which it is issued, or not at all, and the relator is concluded by its terms. The mandatory clause should, therefore, be supported by, and should not exceed, the averments of title or right which form the inducement of the writ, and should be in conformity with the legal obligation of the respondent. If it exceeds the limits of such legal obligation, it is void. And an additional reason for the strictness exacted in the statement in the mandatory clause, of the duty required of the respondent, is found in the fact that, if the alternative writ is awarded for a purpose partly proper and partly improper, the court will not enforce it by a peremptory mandamus as to that which is proper, but will quash the whole." High's Extraordinary Legal Remedies, §539. In *Trant* v. *State, ex rel.,* 140 Ind.

414, 421, this court said: "It is an established rule that in mandamus proceedings the relator must prove himself entitled substantially to every claim and to all the redress which he seeks in his writ. If he fails to establish any substantial part of his claim, his application will be denied. The rule has always been that the peremptory writ must conform strictly to the alternative writ, except the words containing the order to show cause why the writ should not be obeyed, should be omitted." No question as to the authority of the trial court to grant leave to amend the alternative writ is involved in this case.

The appellee bases his claim of a right to inspect the books of said partnership upon §8444 Burns 1894. So much of said section as has any bearing upon this case reads as follows: "For the purpose of properly listing and assessing property for taxation and equalizing and collecting taxes, the township assessor, county assessor, county auditor, Auditor of State, boards of review, and board of tax commissioners shall each have the right to inspect and examine the records of all public offices and the books and papers of all corporations and taxpayers in this State, without charges."

Counsel for appellant concede that the fourth amendment to the Constitution of the United States, relative to unreasonable searches and seizures, is not a restriction upon the states, but they strenuously insist that under §11 of the Indiana bill of rights, which is practically a reiteration of said federal amendment, said section is unconstitutional.

It is the duty of the court not to enter upon the consideration of a constitutional question where the court can perceive another ground on which it may properly rest its decision. *State* v. *Darlington,* 153 Ind. 1, and cases there cited; *Smith* v. *Speed,* 50 Ala. 276; *Ireland* v. *Palestine, etc., Co.,* 19 Ohio St. 369. This case can be decided properly without entering upon a consideration of the constitutional question to which counsel for appellant invite our attention.

Applegate *v.* State, *ex rel.*

The alternative writ and petition in this case are insufficient. The relator has proceeded upon the theory that he was entitled, as county assessor, to examine the account of any depositor in said bank, regardless of the question as to whether he was obligated to pay taxes in this State. Appellant was not required to accord appellee so unrestricted a privilege. In a case like this, where appellee was bound to show not only a clear but also a specific duty violated, it was not the duty or right of the court below to attempt to segregate from the demand in all of its breadth the right that appellee may have had. Moreover, the amended alternative writ and petition are insufficient because the relator does not allege that any taxpayer who was a depositor in said bank on the 1st day of April, 1898, or on the 1st day of April, 1899, had omitted to make a proper return for taxation of all of his money so on deposit, or that the relator had just cause to believe that he had not done so. The alternative writ or the petition ought also to have alleged what taxpayer or taxpayers had, as he believed, so omitted to make return of his money on deposit in said bank for taxation. Whether the petition and alternative writ were otherwise defective it is not necessary to determine. It is evident, however, that, if appellee's pleadings had contained the allegations suggested by us, it would then appear that he was seeking a remedy for the omission to perform what he conceived to be a specific duty. With the pleadings in their present form, appellee appears to be in the attitude, at least to some extent, of using one of the highest writs known to our system of jurisprudence for the purpose of determining a mere question of abstract right. Mandamus is not a remedy for the settlement of moot questions, but it is intended to compel the performance of concrete legal duties. It is proper to say, in conclusion, that the final judgment in this cause was rendered before the enactment of Acts 1901, p. 109, §8444 Burns 1901, §6302 Horner 1901.

Judgment reversed, with instructions to the court below to sustain appellant's demurrer to the petition and amended alternative writ.